77 F.3d 489
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Ronald C. MacINTYRE; Mary M. Pikus, Debtors.
PHILIP A. DeMASSA, APC; Philip A. DeMassa, Appellants,
v.
Lyle BUTLER; Ronald C. MacIntyre; Mary M. Pikus;
Prudential California Realty, Appellees.
 No. 95-55619.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 15, 1995.*
Decided Feb. 14, 1996.
 
 1
 Before: ALARCON and RYMER, Circuit Judges, and QUACKENBUSH, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Attorney Philip A. DeMassa and his professional corporation, Philip A. DeMassa, APC, appeal from an order of the Bankruptcy Appellate Panel (BAP) imposing $250 in sanctions against him for blatant violation of the BAP rules concerning typesize in briefs. DeMassa contends that sanctions aren't appropriate under the facts of this case, and even if they are, the BAP failed to afford him the necessary due process before imposing them. DeMassa also asks that we order the BAP to "depublish" its opinion in this case. We have jurisdiction, 28 U.S.C. § 158(d), and we affirm.
 
 
 4
 BAP Rule 5(a) requires that briefs be in general conformance with Fed.R.App.P. 32(a), which requires the use of at least 11 point type. DeMassa violated these rules--indeed, he admitted that he never even read them--and such conduct warranted the imposition of monetary sanctions. See H.T. Kano v. Nat'l Consumer Coop. Bank, 22 F.3d 899 (9th Cir.1994) (imposing $1500 in sanctions against appellate counsel under Rule 32(a) for filing brief with "lines [that] were not double-spaced ... [and] footnotes [that] were of a type-face much smaller than that permitted"); Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1417 (9th Cir.1990) (imposing sanctions under Rule 32(a) for filing brief with "one-and-one half line spacing as opposed to the [required] double spacing"), cert. denied, 498 U.S. 1109 (1991).
 
 
 5
 Also without merit is DeMassa's contention that the BAP violated his due process rights by not telling him that it was considering sanctions and by not giving him a chance to explain away his conduct. It is not clear that an attorney is entitled to such notice and an opportunity to respond before a court can impose monetary sanctions for violation of Rule 32(a). See Kano, 22 F.3d at 899 (sanctioning attorney without suggesting that such notice and opportunity are prerequisites); Adriana, 913 F.2d at 1417 (same). But even assuming that an attorney is entitled to some procedural due process before a court can impose sanctions, see Miranda v. Southern Pac. Transp. Co., 710 F.2d 516, 523 n. 12 (9th Cir.1983) (reversing sanctions where "no real opportunity was afforded the attorneys to respond with any arguments they may have had that they had complied with Local Rule 9, or to give other reasons why sanctions should not be imposed"), that right is satisfied when the sanctioning court gives the attorney a "sufficient opportunity to explain the [ ] conduct," even if the attorney received no advance notice that the court was considering the imposition of sanctions. Toombs v. Leone, 777 F.2d 465, 471-72 (9th Cir.1985).
 
 
 6
 Here, DeMassa received more than enough due process before being sanctioned. The BAP questioned him at length about his failure to comply with the rules, which he did not deny, but he was unable to offer any explanation for his conduct because he simply hadn't read the rules. Even now, despite briefing and oral argument before us, DeMassa has articulated no basis upon which the BAP might conclude that the sanctions were inappropriate. It is quite clear that DeMassa has no explanation, and that a remand for more due process would be futile.
 
 
 7
 Finally, we deny DeMassa's request to order the BAP to "depublish" its opinion in this case. He offers no authority for our doing so, nor would we be so inclined inasmuch as publication is at the BAP's discretion.
 
 
 8
 AFFIRMED.
 
 
 9
 QUACKENBUSH, Senior District Judge, concurring in part and dissenting in part
 
 
 10
 I agree the BAP appropriately found that Mr. DeMassa violated Fed.R.App. 32(a) which specifies the size of type in briefs. Mr. DeMassa was given the opportunity to attempt to justify his violation of the Rule as to typesize. The BAP found his statement to be inadequate. The violation was clear.
 
 
 11
 I do not agree that sanctions can thereafter be imposed against an attorney for such a violation without any notice what-so-ever that the judge or panel is considering the imposition of sanctions and without the opportunity being afforded the attorney to state his or her case as to why sanctions should not be imposed and without the opportunity for the attorney to speak to the nature and extent of the sanctions, if any.
 
 
 12
 Fed.R.App.P. 46(c) requires such a notice and opportunity to be heard and states that "a court of appeals may, after reasonable notice and an opportunity to show cause to the contrary, and after hearing, if requested, take any appropriate disciplinary action against an attorney for failure to comply with these rules or any rule of the court." (Emphasis supplied). At no time did the BAP advise Mr. DeMassa that it was even considering the imposition of sanctions.
 
 
 13
 I believe the rule of law is clear, particularly in the Ninth Circuit, that an attorney must, at the least, be advised that the court is considering the imposition of sanctions and be given the opportunity to speak to the issue. In F.T.C. v. Alaska Land Leasing, Inc., 799 F.2d 507, 509 (9th Cir.1986), the court stated that sanctions against an attorney were improperly imposed since "we find the record insufficient to show that Wilson received adequate notice that the district court was considering the imposition of sanctions against him--." (Emphasis supplied.)
 
 
 14
 This same explicit requirement of notice and the opportunity to be heard concerning possible imposition of sanctions was succinctly set forth in Kirshner v. Uniden Corp. of America, 842 F.2d 1074, 1081-1082 (9th Cir.1988). The Kirshner court faced the same question as is before this court; where there is a violation of local rules, can sanctions be imposed, after a finding of violation, without the attorney being advised that the court was considering the imposition of sanctions? The Kirshner court responded in the negative, stating, inter alia, at p. 1082, that such procedural requirements ensure that:
 
 
 15
 (1) the attorneys will have an opportunity to prepare a defense and to explain their questionable conduct at a hearing; (2) the judge will have time to consider the severity and propriety of the proposed sanction in light of the attorneys' explanation for their conduct; and (3) the facts supporting the sanctions will appear in the record, facilitating appellate review.
 
 
 16
 Mr. DeMassa was given ample opportunity to explain his violation of the typesize rules, however he was not informed that the BAP was considering the imposition of sanctions, nor was he given the opportunity to speak to the issue. For that reason, I dissent from the court's affirmance of the imposition of sanctions without remand to give Mr. DeMassa the opportunity to speak to the issue and the BAP the opportunity to consider the matter thereafter.
 
 
 
 *
 Hon. Justin L. Quackenbush, Senior United States District Judge for the Eastern District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3