107 F.3d 14
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lawrence BAKER, Plaintiff-Appellant,
v.
MECON HAWAII LTD., dba Continental Mechanical Pacific
(Guam), Defendant-Appellee. (Two Cases)
 Nos. 95-17242, 96-15455.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 14, 1997.*
Decided Feb. 19, 1997.
 
 Before: SNEED, LEAVY, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lawrence Baker ("Baker") appeals from the District Court of Guam Appellate Division's ("Appellate Division") dismissal of his appeal, No. 95-17242. Baker also appeals from the Appellate Division's order striking the transcripts of the Superior Court proceedings, No. 96-15455.
 
 
 3
 Defendant-Appellee Mecon Hawaii Ltd. ("defendant") argues that the Appellate Division lacked jurisdiction because Baker did not file a timely notice of appeal from the Superior Court of Guam to the Appellate Division. We agree. The Superior Court entered its written dismissal order in its docket on January 17, 1995. The docket sheets show that notices of that dismissal were sent to the attorneys for both Baker and the defendant on January 25, 1995. Under Guam Appellate Court Rule 4(a), a judgment or order is entered when it is entered in the docket and notice is given to the parties of this entry. A party has thirty days from the date of entry to file an appeal from the Superior Court to the Appellate Division. Baker's attorney did not file a notice of appeal until March 20, 1995. The appeal was not timely filed, therefore the Appellate Division had no jurisdiction to hear the appeal.
 
 
 4
 We affirm the dismissal of Baker's appeal. The Appellate Division lacked jurisdiction because no timely notice of appeal was filed. We do not reach Baker's argument that the Appellate Division abused its discretion in dismissing the appeal for failure to prosecute.
 
 
 5
 In his companion appeal, Baker argues that the Appellate Division erred in striking transcripts which he ordered from the Superior Court. The Appellate Division did not err because the transcripts were never a part of its record, and therefore cannot be a part of the record on appeal to this court. See Tonry v. Security Experts, Inc., 20 F.3d 967, 974 (9th Cir.1994); Kirshner v. Uniden Corp. of Am., 842 F.2d 1074, 1077 (9th Cir.1988).
 
 
 6
 In Baker's appeal No. 95-17242, we affirm the order of dismissal. In appeal No. 96-15455, we affirm the order striking Baker's transcripts from the record.
 
 
 
 *
 The panel unanimously finds these cases suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3