**Don KIRSHNER, Plaintiff–Appellee,**

**and**

**Schumaier, Roberts & McKinsey, Appellant,**

**v.**

**UNIDEN CORPORATION OF AMERICA, Defendant–Appellee.**

No. 87–5838.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 5, 1988.

Decided March 18, 1988.

Gregory A. Long, Sheppard, Mullin, Richter & Hampton, Los Angeles, Cal., for appellant.

Frederick L. McKnight, Jones, Day, Reavis & Pogue, Los Angeles, Cal., for defendant-appellee.

Before ALARCON, FERGUSON and BEEZER, Circuit Judges.

ALARCON, Circuit Judge:

The law firm of Schumaier, Roberts & McKinsey (Schumaier) is counsel for Don Kirshner (Kirshner), the plaintiff in the underlying action for personal injuries. Schumaier challenges the district court's authority to enter a protective order requiring Schumaier to return to defendant Uniden Corporation of America (Uniden) certain documents, protected by the attorney-client privilege, that Schumaier obtained through discovery in a separate action filed by another of Schumaier's clients against Uniden. Schumaier also contends that the district court's imposition of sanctions denied Schumaier due process.

We begin with a recitation of the pertinent facts. We then address two preliminary matters raised by Uniden: We grant Uniden's motion to strike portions of Schumaier's Excerpts of Record; and we reject Uniden's argument that our previous denial of Schumaier's Petition for Writ of Mandamus bars Schumaier from challenging the protective order on this appeal.

On the merits of Schumaier's appeal, we hold that the district court abused its discretion in issuing a protective order purporting to restrict the use of documents obtained in a separate action. Accordingly, we vacate the protective order. We further find that the district court erred in imposing sanctions against Schumaier. We also deny Uniden's request for sanctions on appeal.

## I. PERTINENT FACTS

Schumaier, appearing pro hac vice, and Michael W. Weinstock (Weinstock), a sole practitioner in Los Angeles, filed this products liability action on Kirshner's behalf against Uniden on September 10, 1985. On May 27, 1986, Uniden filed a motion for a protective order requiring Schumaier to return to Uniden certain documents in Schumaier's possession, which documents were allegedly protected by Uniden's attorney-client privilege. Uniden's motion also sought to prevent Schumaier from using the contested documents for any purpose.

Schumaier had not obtained the contested documents through discovery in the *Kirshner* action but apparently through discovery in *Gearhart v. Uniden Corp.*, an action filed in the United States District Court for the Eastern District of Missouri. Schumaier represented Gearhart in that action. Schumaier asserts, and Uniden does not dispute, that at the time Uniden moved for the protective order in this action, Kirshner was not seeking discovery from Uniden.

Uniden based its motion for the protective order in this matter on a discovery ruling by Chief Judge Manuel L. Real of the Central District of California in a separate action entitled *Michaels v. Uniden Corp.* In support of its motion for a protective order in this action, Uniden asserted that in *Michaels,* Judge Real had ruled that the same contested documents were protected by Uniden's attorney-client privilege.

Prior to moving for a protective order, Uniden's counsel requested that Schumaier return the contested documents based on Judge Real's order in *Michaels.* Schumaier refused to return the documents, contending that the court in *Michaels* had merely denied plaintiff's motion to compel further answers to questions propounded during the deposition of Harold A. Ducote, Jr., Uniden's former general counsel. Schumaier insisted that the court in *Michaels* had neither examined the contested documents nor declared them to be privileged.

The Proof of Service attached to Uniden's motion for a protective order indicates that both Weinstock and Schumaier were served by mail on May 23, 1986. Weinstock admitted that he received a copy of the notice and motion. Schumaier alleges that it did not receive a copy of the notice and motion. Neither Weinstock nor

Schumaier filed written opposition to the motion for a protective order in the *Kirshner* action.

On June 13, 1986, realizing that no opposition had been filed, Uniden filed and served a supplemental memorandum requesting sanctions against Weinstock and Schumaier "under Central District Rules 7.6 and 27.1, 28 U.S.C. § 1927, and the inherent powers of the Court." Schumaier received notice of the request for sanctions at its Missouri offices on Saturday, June 14, 1986, two days before the scheduled date for the hearing on Uniden's motion.

On Monday, June 16, 1986, the district court held a hearing on Uniden's motion for a protective order. Weinstock and counsel for Uniden attended the hearing; Schumaier did not. At the close of the hearing, the district judge granted Uniden's motion for a protective order. The court further imposed sanctions jointly and severally on Weinstock and Schumaier in the amount of $5,946.25 "as costs for the seeking of the order."

## II. PRELIMINARY MATTERS

### A. *Uniden's Motion to Strike*

Uniden has moved to strike Schumaier's Opening Brief, portions of its Excerpts of Record, and its Designation of Record on Appeal on the ground that Schumaier has included within the excerpts certain materials not properly part of the record on appeal.

Fed.R.App.P. 10(a) provides as follows: *"Composition of the Record on Appeal.* The original papers and exhibits filed in the district court, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the district court shall constitute the record on appeal in all cases." This court's Rule 10–2 provides, in pertinent part: "Pursuant to FRAP 10(a), the complete record on appeal consists of: ... (b) the district court clerk's record of original pleadings, exhibits and other papers filed with the district court ('clerk's record')." Ninth Cir.R. 10–2.

■ Papers not filed with the district court or admitted into evidence by that court are not part of the clerk's record and cannot be part of the record on appeal. *See United States v. Walker,* 601 F.2d 1051, 1054–55 (9th Cir.1979) (affidavits that "were not part of the evidence presented to the district court" would not be considered on appeal); *Panaview Door & Window Co. v. Reynolds Metals Co.,* 255 F.2d 920, 922 (9th Cir.1958) (striking from record an exhibit that had been attached to appellant's trial court memorandum of points and authorities and a document that had been marked for identification, neither of which had been received in evidence); *Watson v. Rhode Island Ins. Co.,* 196 F.2d 254, 255–56 (5th Cir.1952) (granting motion to strike documents that were tendered as exhibits to brief on appeal but that had not been offered in evidence below).

■ Schumaier does not dispute that it never filed or submitted to the court below the Declaration of David R. Buchanan, Excerpts of Record (ER) 236–39. The Declaration, therefore, is not part of the record on appeal and must be stricken.

Schumaier did not file the documents that appear at ER 263–88 and 293–341. None of these documents are listed on the district court's docket sheet. Schumaier notes, however, that each of these documents was an exhibit to Schumaier's Petition for Writ of Mandamus previously filed in this court, which Petition and exhibits were served on the district court judge. Accordingly, Schumaier argues, these documents "were before the United States District Court before it entered the final judgment from which this appeal is taken" and were properly included in the Excerpts of Record.

■ Papers submitted to the district court *after* the ruling that is challenged on appeal should be stricken from the record on appeal. *See Walker,* 601 F.2d at 1055 ("We are here concerned only with the record before the trial judge *when his decision was made."*) (emphasis added); *Heath v. Helmick,* 173 F.2d 156, 156–57 (9th Cir.1949) (striking from record on appeal papers that were filed in district court *after* judgment from which appeal was tak-

en) ("The cause must be tried here upon the record made at the original trial.").

Schumaier's written objections to the proposed order were submitted to the district court prior to the entry of the protective order. The contested portions of the Excerpts of Record, however, were not served on the court until July 15, 1986, one month after the hearing on the motion and one week after entry of the protective order.

The only case cited by Schumaier to support its position, *Love v. Royall,* 179 F.2d 5 (8th Cir.1950), is distinguishable. In that case, the Eighth Circuit denied plaintiff's motion to strike defendant's supplemental record on appeal, which contained papers from a separate court proceeding instituted by plaintiff. *Id.* at 7. In *Love,* however, unlike in the present case, the contested papers had been "before the District Court on the argument of the motion to dismiss the complaint...." *Id.*

In short, the contested portions of Schumaier's Excerpts of Record were neither filed with the district court, considered by the court, nor even before the court when it entered the order that Schumaier now challenges on appeal. We, therefore, strike the papers (ER 236–39, 263–88 and 293–341) from the record and give them no consideration in adjudicating this appeal. *See Watson,* 196 F.2d at 256 (court refuses to consider grounds for reversal evidenced in documents that have been stricken from record on appeal); *Heath,* 173 F.2d at 157 (court gives no consideration to stricken materials in disposing of appeal). Uniden's motion to strike is denied in all other respects.

### B. *Schumaier's Petition for Writ of Mandamus*

On August 19, 1986, Schumaier petitioned this court for a writ of mandamus to relieve it from the effect of the protective order now at issue in this appeal. The arguments Schumaier presented in the petition are virtually identical to the arguments Schumaier now presents in its brief. On October 24, 1986, a motions panel of this court denied the petition. Uniden contends that such denial operates to bar Schumaier from relitigating the propriety of the protective order on this appeal.

"[U]nder the 'law of the case' doctrine one panel of an appellate court will not as a general rule reconsider questions which another panel has decided on a prior appeal in the same case." *Kimball v. Callahan,* 590 F.2d 768, 771 (9th Cir.), *cert. denied,* 444 U.S. 826, 100 S.Ct. 49, 62 L.Ed.2d 33 (1979). The doctrine applies, however, only when the first panel ruled on the merits. *See United States v. Dean,* 752 F.2d 535, 541 (11th Cir.1985) ("[A] prior denial of a petition for a writ of mandamus will have *res judicata* effect only if the denial was 'on the merits,'...."), *cert. denied,* — U.S. ——, 107 S.Ct. 97, 93 L.Ed.2d 48 (1986); *Connolly v. Pension Benefit Guaranty Corp.,* 673 F.2d 1110, 1112–13 (9th Cir. 1982) (first panel's summary denial of petition for writ of mandamus did not constitute law of the case because it did not reach the merits); 18 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4478 at 798–99 n. 31 (1981) [hereinafter *Wright* ] ("Denial of mandamus by an appellate court ordinarily does not rest on a determination of the merits that should become binding as the law of the case.").

"[W]hen the denial of a petition for a writ of mandamus is, or may be, the result of the special limitations inherent in the writ, such a denial does not establish the law of the case." *Dean,* 752 F.2d at 542; *accord Connolly,* 673 F.2d at 1113 (where first panel's denial of petition may have been motivated by any of several guidelines governing issuance of writ, second panel would not speculate as to motivation for denial, and denial did not constitute law of the case); *Key v. Wise,* 629 F.2d 1049, 1054–55 (5th Cir.1980) (second panel not bound by first panel's denial of petition for writ of mandamus raising same issue, where first panel provided no explanation for its ruling), *cert. denied,* 454 U.S. 1103, 102 S.Ct. 682, 70 L.Ed.2d 647 (1981); 18 *Wright* § 4478 at 798 ("Rulings that simply deny extraordinary relief for want of a clear and strong showing on the merits, ...

do not trigger law of the case consequences.") (footnote omitted).

■ Denial of Schumaier's petition for a writ of mandate was based on the following grounds: "Petitioner has not demonstrated that the district court clearly erred in directing the return of documents it found to be privileged or that it is faced with harm incapable of correction on a subsequent appeal, if necessary." The court's statement reveals that its denial was based not on the merits of Schumaier's petition but on the presence of two factors that counsel withholding of any extraordinary writ—petitioner's failure to demonstrate *clear* error by the district court and the availability of relief by means of direct appeal. *See Bauman v. United States District Court*, 557 F.2d 650, 654–55 (9th Cir.1977) (identifying five guidelines to be considered in determining whether to issue writ of mandamus).

Because the denial of Schumaier's petition was "the result of the special limitations inherent in the writ, such a denial does not establish the law of the case." *Dean*, 752 F.2d at 542. Accordingly, the denial does not operate to bar Schumaier from challenging the propriety of the protective order on this appeal.

### III. THE PROTECTIVE ORDER

We turn now to the merits of the appeal. Schumaier challenges the protective order at issue on the following grounds: (1) Federal Rule of Civil Procedure 26(c), which governs the issuance of protective orders in connection with pretrial discovery, does not authorize issuance of an order purporting to control the use of documents obtained other than through discovery in the pending proceeding; (2) The order entered in this matter violates Schumaier's first amendment rights; and (3) The order is void for vagueness. Because we agree that the order was unauthorized by Rule 26(c), we do not reach Schumaier's second and third contentions.

■ Uniden argues that we should decline to hear Schumaier's challenge because it was not presented to the court below. *See United States v. Oregon*, 769 F.2d 1410, 1414 (9th Cir.1985) ("[A]bsent exceptional circumstances, an issue not raised below will not be considered on appeal."). Schumaier admittedly filed no opposition to Uniden's motion for a protective order. However, Schumaier filed objections in response to the proposed order prepared by Uniden's counsel. In its objections, Schumaier raised the arguments it now advances on appeal. Although Schumaier's arguments were cursory in form, they were nevertheless sufficient to apprise the district court of Schumaier's position prior to the court's entry of the written order. Schumaier, therefore, is not precluded from raising the arguments on this appeal.

"We review the district court's grant of a protective order relating to discovery for abuse of discretion." *KL Group v. Case, Kay & Lynch*, 829 F.2d 909, 915 (9th Cir. 1987).

In making its motion for a protective order, Uniden relied on Fed.R.Civ.P. 26(c). The district court's order is silent concerning the authority for its issuance. Both Schumaier and Uniden assume that the district court acted under Rule 26(c). Rule 26 is entitled "General Provisions Governing Discovery." Rule 26(c) is subtitled "Protective Orders" and provides, in pertinent part, as follows:

> Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending … may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the discovery not be had. …

Fed.R.Civ.P. 26(c).

We have not previously been called upon to decide whether Rule 26(c) empowers a district court to order a party to return privileged documents obtained by his attorney through discovery in a separate action brought by another person against the same defendant. We have held that a district court may order a party to return privileged documents inadvertently produc-

ed during discovery in the same proceeding pending before the court. *See, e.g., KL Group,* 829 F.2d at 919 (district court did not abuse discretion in ordering return of privileged document inadvertently produced in action pending before the court). Such authority, however, is inapposite to the problem presented in the instant matter, where the documents were obtained in a separate action.[1]

The most helpful Ninth Circuit authority is *Whittaker Corp. v. Execuair Corp.,* 736 F.2d 1341 (9th Cir.1984). There, the district court refused to permit plaintiff to introduce evidence of documents that plaintiff had discovered "in a separate antitrust action between the parties, after the discovery cutoff date in the case at bar." *Id.* at 1347. On plaintiff's appeal, we reversed, ruling that the district court's power to control discovery in the case before it did not extend to documents obtained in a separate action between the parties:

"A discovery cutoff date does not ... affect admissibility of evidence obtained outside of the discovery process of the case in which the cutoff date is ordered." *Id.* We noted that if defendant believed that plaintiff's pursuit of discovery in the separate antitrust action was improper, defendant "should have sought a protective order in the antitrust case." *Id.*

The Second Circuit has considered an issue similar to that raised in the present appeal and has concluded that Rule 26(c) provides no authority for the issuance of protective orders purporting to regulate the use of information or documents obtained through means other than discovery in the pending proceeding. *Bridge C.A.T. Scan Assocs. v. Technicare Corp.,* 710 F.2d 940 (2d Cir.1983). In *Bridge,* Exhibit A to plaintiff's complaint listed information concerning defendant's products and customers collected by plaintiff's counsel prior to the commencement of the action. *Id.* at 942. Defendant contended that the data contained in Exhibit A were trade secrets

and moved for a protective order to prevent plaintiff from improperly using or disclosing the data. *Id.* Although it recognized that the data had not been obtained through pretrial discovery, the district court nevertheless issued the requested protective order, relying on Rule 26(c). *Id.* at 943.

The Second Circuit reversed, holding that Rule 26(c) does not authorize the district court to issue protective orders with respect to data obtained through means other than the court's discovery processes:

The district court believed that it was empowered to enter its April 11 Order prohibiting plaintiff from disclosing the Exhibit A trade data by the authority granted under Fed.R.Civ.P. 26(c)(7).... Rule 26, however, which is entitled "General Provisions Governing Discovery," is not a blanket authorization for the court to prohibit disclosure of information whenever it deems it advisable to do so, but is rather a grant of power to impose conditions on *discovery* in order to prevent injury, harassment, or abuse of the court's processes....

. . . . .

[S]ince Exhibit A and the data it contained were not information obtained by means of discovery but had been compiled by Bridge's counsel prior to commencing the lawsuit, Rule 26(c) did not give the court authority to prohibit disclosure of the trade data.

*Id.* at 944–45; *see also Ferguson v. Ford Motor Co.,* 8 F.R.D. 414 (S.D.N.Y.1948) (refusing to issue order under predecessor to Rule 26(c) requiring defendant to file under seal allegedly confidential documents obtained from plaintiff's employee outside discovery process); 4 *Moore's Federal Practice* ¶ 26.78 at 26–503 to 26–504 (1987) ("The provision for protective orders in Rule 26(c) is plainly limited in its application to protection from abuses flowing from the employment of the discovery

---

1. Schumaier does not argue that the documents previously produced by Uniden are not privileged, or that Uniden's earlier production of the documents operated as a waiver of the privilege. Schumaier limits its arguments to the propriety of the issuance of a protective order in the present case. Thus, we need not address the question of inadvertent waiver of the attorney-client privilege.

rules. Similarly, it has been held that the court may not issue an order limiting a party in the use it may make of information not acquired under the discovery rules, even though had the same information been sought through discovery the opposing party would have been entitled to a protective order.") (footnotes omitted).

■ As we held in *Whittaker Corp.*, a district court's power to control discovery does not extend to material discovered in a separate action, notwithstanding the fact that the parties were identical. 736 F.2d at 1347. The remedy for a party seeking the return of material improperly discovered in a *separate* action is to seek a protective order from the court that presided over the discovery process in that discrete proceeding. In the matter before us, the district court lacked the power to issue a valid protective order to compel the return of documents obtained through discovery in a separate action.

## IV. SANCTIONS IMPOSED BY THE DISTRICT COURT

Uniden's request for sanctions was served on Schumaier by mail on Friday, June 13, 1986. Schumaier received the request the following day. Two days later, on Monday, June 16, 1986, the district court awarded sanctions against Weinstock and Schumaier.

Schumaier argues that the court's award of sanctions violated due process because counsel did not receive adequate notice or opportunity to respond to Uniden's request for sanctions. Schumaier also argues that Uniden would have filed its motion for a protective order "regardless of any action on the part of Schumaier." Accordingly, Schumaier contends that the failure to oppose the motion for a protective order "had nothing to do with the expenditure of time in writing it."

Uniden requests that we sustain the imposition of sanctions on the following grounds:

One. Written notice of the motion for a protective order was mailed to Schumaier three weeks before the hearing date.

Two. Schumaier had two days' actual notice of the request for sanctions.

Three. The local rules require that a party oppose or acquiesce in a motion.

Four. The district court may impose sanctions for a violation of the local rules.

"A district court's award of sanctions is reviewable for abuse of discretion." *FTC v. Alaska Land Leasing, Inc.*, 799 F.2d 507, 510 (9th Cir.1986).

Under 28 U.S.C. § 1927, "[a]ny attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927 (1982). Section 1927 authorizes a taxing of only those excess costs incurred by reason of "an attorney's unreasonable and vexatious conduct." *United States v. Blodgett*, 709 F.2d 608, 610 (9th Cir.1983). Moreover, section 1927 "does not authorize imposition of sanctions in excess of costs reasonably incurred because of such conduct." *Id.* at 610–11.

■ Uniden incurred the cost of making its motion for a protective order because Schumaier refused to comply with Uniden's demand that the documents be returned. Schumaier's refusal, however, was not unreasonable. The transcript of the discovery hearing in *Michaels* confirms Schumaier's contention that when the district court denied plaintiff's motion to compel Mr. Ducote to answer deposition questions, the court did not adjudicate the privileged character of the documents now at issue and did not impose any obligation on Schumaier to return the documents to Uniden. Schumaier acted reasonably, therefore, in not acceding to Uniden's later demand that Schumaier return the documents. Uniden's demand was premised solely on its disputed understanding of the *Michaels* ruling.

Once Schumaier refused to return the documents, Uniden had no recourse but to seek an order from an appropriate court that would adjudicate the privileged nature of the documents and order their return.

Absent such a motion, Uniden had no means of recovering the documents. Uniden incurred the cost of making its motion because of Schumaier's reasonable refusal to return the documents, not because of Schumaier's failure to oppose the motion. Uniden incurred no *excess* costs because of Schumaier's failure. Since section 1927 permits an award of excess costs only, *Blodgett,* 709 F.2d at 610–11, the district court abused its discretion in imposing sanctions under section 1927.

In addition to relying on section 1927, Uniden premised its request for sanctions on the local court rules and on the inherent powers of the court. Central District Local Rule 7.6 requires the nonmoving party to file either a memorandum in opposition or a written statement that he or she will not oppose the motion. Local Rule 27.1 provides: "The violation of or failure to conform to any of these Local Rules ... shall subject the offending party or counsel to such penalties, including monetary sanctions and/or the imposition of costs and attorney's fees to opposing counsel, as the Court may deem appropriate under the circumstances."

Schumaier does not argue that the district court's award was unauthorized by the local rules. Instead, Schumaier contends that it had inadequate notice and opportunity to be heard before the sanctions were imposed.

■ Sanctions under local court rules should not be imposed absent notice, an opportunity to respond, and a hearing. *Miranda v. Southern Pacific Transp. Co.,* 710 F.2d 516, 522 (9th Cir.1983); *see Roadway Express, Inc. v. Piper,* 447 U.S. 752, 767, 100 S.Ct. 2455, 2464, 65 L.Ed.2d 488 (1980) ("[S]anctions ... should not be assessed lightly or without fair notice and an opportunity for a hearing on the record.") (footnote omitted); *Alaska Land Leasing, Inc.,* 799 F.2d at 510 (quoting *Toombs v. Leone,* 777 F.2d 465, 472 (9th Cir.1985)) ("Due process ... requires that parties subject to sanctions have 'sufficient opportunity to demonstrate that their conduct was not undertaken recklessly or willfully.' ").

We have held that a district court has no power "to impose monetary sanctions against attorneys without affording them procedural due process as protective as that afforded by Fed.R.App.P. 46(c)," which guarantees the attorney a "hearing, if requested," before sanctions may be imposed. *Miranda,* 710 F.2d at 523 & n. 13.

In *Miranda,* we identified "compelling reasons why notice, an opportunity to prepare a defense, and a hearing are required before sanctioning counsel":

> These procedural requirements will ensure that: (1) the attorneys will have an opportunity to prepare a defense and to explain their questionable conduct at a hearing; (2) the judge will have time to consider the severity and propriety of the proposed sanction in light of the attorneys' explanation for their conduct; and (3) the facts supporting the sanction will appear in the record, facilitating appellate review.

*Id.* at 522–23.

■ In the present case, Schumaier first received notice of Uniden's intent to seek sanctions on Saturday, June 14, 1986, just two days before the hearing at which sanctions were imposed. This short notice, arriving during the weekend before the Monday hearing, undoubtedly left Schumaier inadequate time to prepare a defense and to travel from its offices in Missouri to Los Angeles to attend the hearing.

At the hearing on Uniden's motion and request for sanctions, Schumaier's local co-counsel, Weinstock, represented to the court that Schumaier had informed him that Schumaier had not received notice of Uniden's motion. Weinstock further stated: "I would request that the court ... defer any sanctions until it has an opportunity to hear what law offices of Schumaier, Roberts and McKinsey have to say. I understand they have been trying to call the court as well as Mr. McKnight [Uniden's counsel] and as Mr. McKnight indicated he did get in touch with Mr. McKnight but I am not aware whether he—they were able to contact the court."

Schumaier was entitled to be present at a hearing at which it could present its defense to Uniden's request for sanctions. Weinstock's presence at the June 16 hearing was insufficient to protect Schumaier's interest. Indeed, Weinstock resisted Uniden's request for sanctions by arguing that Schumaier, not he, bore responsibility for the violation of the local court rules.

Under *Miranda*, the district court had no power to impose sanctions without granting at least a short continuance of the hearing to enable Schumaier to attend. The award of sanctions, therefore, whether under the authority of the local rules or under the court's inherent authority to control its own processes, constituted an abuse of discretion.

## V. SANCTIONS ON APPEAL

 Uniden requests an award of sanctions on appeal "for opposing counsel's burdensome inclusion of ... improper, unnecessary and irrelevant material in Schumaier's excerpts of record." Uniden makes its request under this court's Rule 30–2, which provides:

> The court in appropriate cases will impose sanctions against any attorney who vexatiously and unreasonably increases the cost of litigation by inclusion of unnecessary material in the excerpts of record. Counsel will be provided notice and have an opportunity to respond before sanctions are imposed.

Ninth Cir.R. 30–2. Uniden cites no case construing or applying Rule 30–2, and our research has disclosed none.

Uniden moved to strike "literally hundreds of pages of improper and irrelevant materials in Schumaier's excerpts of record." We have granted the motion in part, striking 79 pages of materials. *See* Part II(A) *supra*. We are not persuaded, however, that Schumaier's inclusion of these 79 pages "*vexatiously and unreasonably* increase[d] the cost of litigation," the prerequisite to an award of sanctions under our Rule 30–2. Accordingly, we deny Uniden's request for sanctions on appeal.

## VI. CONCLUSION

Uniden's motion to strike is GRANTED as to pages 236–39, 263–88 and 293–341, inclusive, of the Excerpts of Record and is DENIED in all other respects. The protective order entered by the district court in this matter on July 7, 1986 is VACATED. The court's imposition of sanctions against Schumaier, as reflected in the same order, is REVERSED. Uniden's request for sanctions on this appeal is DENIED. Each party shall bear its own costs.