**CULINARY FOODS, INC., and Soledad Sagun, as Administrator of the Estate of Remigio Sagun, Deceased, Plaintiffs,**

v.

**RAYCHEM CORPORATION, Defendant.**

**No. 92 C 8152.**

United States District Court,
N.D. Illinois, E.D.

Sept. 15, 1993.

*ORDER*

BOBRICK, United States Magistrate Judge.

Before the court is Culinary Foods, Inc.'s motion for "clarification" of the court's memorandum order of August 9, 1993 regarding the parties' dispute over the contents of a protective order to be issued in this case, 151 F.R.D. 297. Essentially, plaintiffs seek a clarification of that part of our memorandum order specifically dealing with data obtained

through means other than that by way of the court's discovery processes. Plaintiffs cite page 19 of our August 9, 1993, ruling wherein we stated, "furthermore, we find information received by Culinary in violation of other court's protective orders may not be subject to protection by this court."

We indicated in our Conclusion to the August 9, 1993 order that the motion of the plaintiffs and responses of the defendant were granted in part and denied in part, as stated in the order, and ordered the parties to submit a proposed protective order consistent with our rulings. We attached as an addendum a suggested format reflecting the parties' agreements and those rulings made on the disputed portions of the proposed protective order. We hasten to emphasize that the addendum was merely a suggested format.

In the first instance it is important to recognize that the text of the memorandum order is controlling and will be dispositive of any issues, vis-a-vis the contents of the addendum. In this regard, on page 8 of the order, we indicated that this court's power to control discovery does not extend to material discovered in other cases. *Kirshner v. Uniden Corp. of America*, 842 F.2d 1074, 1080 (9th Cir.1988). It follows, then, that material received by one of the parties prior to commencement of this action (and therefore before initiation of any discovery, as well as the request for protective orders under Fed.R.Civ.P. 26(c)) can not be made a legitimate part of the corpus of any protective order the court enters. We believe it is important to revisit the reading of *Kirshner*, in which the 2nd Circuit reversed a district court's holding that Rule 26(c) authorized the district court to issue a protective order on information collected by a party prior to the commencement of the action. *Kirshner*, 842 F.2d at 1080 (*citing Bridge C.A.T. Scan. Associates v. Technicare Corp.*, 710 F.2d 940 (2nd Cir.1983)). This is essentially our holding of August 9, 1993.

Accordingly, Culinary's request that this court amend paragraph 3 of the addendum is granted. Paragraph 3 of the addendum will read as follows:

> This protective order covers only documents and/or information requested, obtained or otherwise produced by any person or entity "through the discovery process" in this case or documents solicited subsequent to the commencement of this action by either party which are protected by protective orders entered in other cases.

The proposed protective order to be submitted to the court is to include the aforesaid amended provision.