110 F.3d 69
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Benjamin SAIA, Debtor.
MATSUSHITA ELECTRIC CORPORATION OF AMERICA, Plaintiff/Appellee,
v.
Julia P. GIBBS, Appellant,
Benjamin Saia; Debtor,
United States Trustee, Trustee.
 No. 96-16270.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 10, 1997.
Decided March 18, 1997.
 
 Before: GOODWIN, BRUNETTI, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The district court sanctioned attorney Julia Gibbs ("Gibbs") under Local Rule 110,[1] 28 U.S.C. § 1927, and its inherent authority, without giving her notice of its intent to do so. The imposition of sanctions under any of the grounds asserted by the district court is reviewed for an abuse of discretion. Chambers v. Nasco, Inc., 501 U.S. 32, 55 (1991) (inherent powers of the court); Federal Trade Comm'n v. Alaska Land Leasing, Inc., 799 F.2d 507, 510 (9th Cir.1986) (28 U.S.C. § 1927); Toombs v. Leone, 777 F.2d 465, 471 (9th Cir.1985) (local rules). A district court necessarily abuses its discretion if it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990).
 
 
 3
 Where a district court imposes sanctions sua sponte, the general rule is that it must first issue an order to show cause why sanctions should not be imposed to give the lawyer an opportunity to explain her conduct. See, e.g., Kirshner v. Uniden Corp. of America, 842 F.2d 1074, 1081-82 (9th Cir.1988) (giving notice of intent to impose sanctions two days before a scheduled hearing was insufficient); Tom Growney Equipment, Inc. v. Shelley Irrigation Dev., Inc., 834 F.2d 833, 836 (9th Cir.1987) (holding that district court abused its discretion where "[n]o notice was given of the court's intention to impose sanctions and no opportunity was offered to explain the allegedly improper filings"); Alaska Land Leasing, 799 F.2d at 510 (holding that the district court abused its discretion where the record was insufficient to show that the lawyer received notice that the court was considering imposition of sanctions); Miranda v. Southern Pacific Transp. Co., 710 F.2d 516, 523 (9th Cir.1983) (holding that the district court abused its discretion where it "did not provide the attorneys with an opportunity to show cause to the contrary before imposing sanctions").
 
 
 4
 In Miranda, we explained the rationale for such a rule:
 
 
 5
 There are, in fact, several compelling reasons why notice, an opportunity to prepare a defense, and a hearing are required before sanctioning counsel. These procedural requirements will ensure that: (1) the attorneys will have an opportunity to prepare a defense and to explain their questionable conduct at a hearing; (2) the judge will have time to consider the severity and propriety of the proposed sanction in light of the attorneys' explanation for their conduct; and (3) the facts supporting the sanction will appear in the record, facilitating appellate review.
 
 
 6
 710 F.2d at 522-23.
 
 
 7
 The district court abused its discretion by not giving Gibbs notice of its intent to impose sanctions. Accordingly, we vacate the judgment of sanctions and remand to afford Gibbs an opportunity with notice to present a defense and to explain why she should not be sanctioned.
 
 
 8
 VACATED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3
 
 
 [1]
 Local Rules of Practice for the United States Bankruptcy Court, Eastern District of California