Richard BANKS, Plaintiff–Appellant,

v.

PROVIDENT LIFE & ACCIDENT INSURANCE COMPANY, Defendant–Appellee.

No. 00–56587.

D.C. No. CV–98–10527–CT.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 11, 2002.*

Decided Feb. 20, 2002.

Before B. FLETCHER, T.G. NELSON, and TALLMAN, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**400**

## MEMORANDUM***

Richard Banks appeals pro se the district court's judgment for defendant following a jury trial in his action for breach of contract arising from defendant's termination of disability insurance benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we dismiss the appeal.

Banks failed to present any argument or cite any authorities in support of his contentions. *See Greenwood v. FAA,* 28 F.3d 971, 977 (9th Cir.1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief. We will not manufacture arguments for an appellant ....") (internal citation omitted). Moreover, the majority of Banks' contentions are unreviewable because Banks failed to file a trial transcript or designate a record on appeal. *See Syncom Capital Corp. v. Wade,* 924 F.2d 167, 169 (9th Cir.1991) (per curiam) (dismissing appeal for failure to provide relevant portions of trial transcript). Accordingly, we dismiss the appeal.

We grant Appellee's motion to strike the Social Security Administration document attached to Banks' reply brief. *See Kirshner v. Uniden Corp. of Am.,* 842 F.2d 1074, 1077 (9th Cir.1988) (explaining that documents not filed with the district court or admitted into evidence by that court cannot be considered on appeal).

DISMISSED.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).