Joseph GLASS; Dante Difrancesco; Ralph Carbone; David Bachrach, individually and on behalf of all others similarly situated, Plaintiffs—Appellees,

v.

UBS FINANCIAL SERVICES, INC., a corporation; UBS Paine Webber, a corporation; Paine Webber Group, Inc., a corporation, Defendants—Appellees,

v.

Anthony D'Aria, Plaintiff–intervenor—Appellant.

and

Marty Evans, Plaintiff—Appellant,

v.

UBS Financial Services, Inc., a corporation; UBS Paine Webber, a corporation; Paine Webber Group, Inc., a corporation, Defendants—Appellees,

v.

Anthony D'Aria, Plaintiff-intervenor.

Nos. 07–15278, 07–15309.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 14, 2009.

Filed May 14, 2009.

M. Kirby C. Wilcox, Esquire, Paul, Hastings, Janofsky & Walker LLP, San Francisco, CA, for Defendant–Appellee.

John Halebian, Esquire, Adam Mayes, Esquire, Lovell Stewart Halebian LLP, New York, NY, for Plaintiff–Intervenor.

Before: FARRIS, NOONAN and McKEOWN, Circuit Judges.

## MEMORANDUM *

This dispute arises from the district court's approval of a class action settlement between the named plaintiffs and the defendant, UBS Financial Services. On appeal, plaintiff-objector Marty Evans raises several objections to the district court's determination that the settlement was fair, reasonable, and adequate as required by Fed.R.Civ.P. 23(e). Appellant Anthony D'Aria objects to the district court's denial of his motion to intervene in the case on the grounds that it was untimely. The parties are familiar with the facts.

### I. Pending motions

We grant UBS's motion to strike documents from D'Aria's excerpts of record which were submitted to the district court after the final approval of the settlement. See Kirshner v. Uniden Corp. of Am., 842 F.2d 1074, 1077–78 (9th Cir.1988). We also grant UBS's motion for judicial notice of the Bowman declaration.

Jeffrey D'Onofrio, Esquire, Ciulla & D'Onofrio, North Haven, CT, Charles A. Jones, Esquire, Kevin J. McInerney, Esquire, McInerney & Jones, Reno, NV, Michael Rubin, Altshuler Berzon LLP, San Francisco, CA, Michael Shen, Esquire, Michael Shen & Assoc., Teaneck, NJ, for Plaintiffs–Appellees.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

## II. *Evans's Claims*

Evans argues, on several grounds, that the district court abused its discretion in determining that the settlement was fundamentally "fair, reasonable, and adequate," as required by the Federal Rules of Civil Procedure. Fed.R.Civ.P. 23(e). "The district court's decision to approve or reject a settlement is committed to the sound discretion of the trial judge because he is exposed to the litigants, and their strategies, positions, and proof." *In re Mego Financial Corp. Securities Litigation*, 213 F.3d 454, 458 (9th Cir.2000)(internal citations omitted). Each of Evans' arguments is addressed below.

■ First, Evans argues that because the named plaintiffs are all former employees of defendants, they cannot fairly and adequately represent a class that includes both current and former UBS employees. ER 474. A class action may be maintained only if "the representative parties will fairly and adequately protect the interest of the class." Fed.R.Civ.P. 23(a)(4). The present settlement aims to provide compensation for unlawful practices occurring during the class period. For that period, "both the former and current employees are equally interested in obtaining compensation for the assertedly unlawful practices set forth in the complaint." ER 475.[1] Therefore, the district court did not abuse its discretion in finding that the class-representatives adequately represented the interests of the class. *See Cummings v. Connell*, 316 F.3d 886, 896 (9th Cir. 2003)("this circuit does not favor denial of class certification on the basis of speculative conflicts").

■ Second, Evans argues that the court violated the rights of class members from states other than New York, Pennsylvania, and New Jersey by approving a plan of allocation that distributes a greater proportion of the settlement funds to class members in those states. ER 63. The Special Master and the district court found that the parties had set forth a reasoned basis for treating claimants employed in these three states differently from claimants in other jurisdictions. ER 479; *see also*, JSER 197(Special Master's report concluding that the disproportionate allocation was justified by differences among the states regarding "the definition of employees; the definition of wages; various exemptions; varieties of allowed or disallowed deductions from employee compensation; elements of the causes of action available in various states; and variances in the recoveries of the debt, interest, attorneys' fees, costs and penalties"). On appeal, Evans does not address the substance of the parties' or the court's reasoning, nor does he address the differences in law between the states at issue. Moreover, the fact that one of the named plaintiffs was a class member from a state other than New York, New Jersey, and Pennsylvania, undermines Evans's allegations of inadequate representation. ER 461, n. 1. Therefore, the district court did not abuse its discretion in rejecting Evans's objection to the plan of allocation.

■ Third, Evans argues that the district court erred in appointing a Special Master, pursuant to Rule 53 of the Federal Rules of Civil Procedure, without first obtaining consent from Evans. ER 476; Fed.R.Civ.P. 53. Rule 53(a) permits the appointment of a Special Master for, among other things, the "perform[ance of] duties consented to by the parties," or without consent when appointment is war-

---

1. As the district court noted, the settlement does not preclude any class member from filing suit against UBS for violation of the law occurring outside of the class period. ER 475.

ranted by "the need to perform an accounting or resolve a difficult computation of damages." *See* Fed.R.Civ.P. 53(a)(1)(A)–(C). In this case the named plaintiffs representing the class and the defendant together requested the appointment of the Master to address the parties' damages analysis. This is sufficient to justify the appointment of a special Master.

■ Fourth, Evans challenges a provision in the settlement stating that any reduction in attorneys' fees by the court will revert to the defendant, rather than to the class. ER 63–64. We agree that the reversion clause, as pertaining to attorneys' fees, is problematic because it acts as a device to isolate fees from scrutiny. *See Staton v. Boeing Co.*, 327 F.3d 938, 964–965, 970–71 (9th Cir.2003).[2] In addition to being favorable to class counsel, the reversion clause is favorable to UBS, which will receive the ultimate benefit of any reduction by the court. Because the reversion clause creates incentives for the negotiating parties to make the attorneys' fees a larger percentage of the total recovery, the district court is required to "ensure that the class members' interest were not compromised in favor of those of class counsel." *See Staton*, 327 F.3d at 964–65.

Here, the district court found that the class members obtained exceptional results for the class. ER 483–84. Notably, the class representatives were able to negotiate the settlement before the Department of Labor issued an Opinion Letter that would have reduced the value of plaintiffs' claims. *See* ER 465; 483–84. The court also acknowledged evidence of additional value in the settlement in the form of forward-looking relief. *See* ER 475, n. 7; JSER 114–15. The fact that class counsel achieved such timely results for the class suggest that the class's interests were not compromised by the reversion clause, and that the district court did not abuse its discretion in finding that the settlement was fair and adequate.

■ Finally, Evans argues that the court's approval of an attorneys' fees award consisting of 25% of the total award constitutes an abuse of discretion. While we agree that the court's award of attorneys' fees is high relative to the total class recovery, the question on appeal "is not whether the district court should have applied some other percentage, but whether in arriving at its percentage it *considered all the circumstances of the case* and reached a *reasonable* percentage." *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048 (9th Cir.2002)(emphasis added). In reviewing the award of attorneys' fees, the district court properly performed an informal lodestar cross-check, and noted the relatively low time-commitment by plaintiff's counsel. *See* Hearing Transcript of January 19, 2007 (Dkt.238); ER 483; *Six Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir.1990)(suggesting a lodestar cross-check and adjust-

---

**2.** While clauses mandating the reversion of unclaimed funds may be common, appellees cite to no cases approving a settlement with a reversion clause for attorneys' fees. *See* UBS Brief at 101–02. In fact, the Ninth Circuit in *Staton* stated that ordinarily, "after the court determines the reasonable amount of attorneys' fees, all the remaining value of the fund belongs to the class rather than reverting to the defendant." 327 F.3d at 971. A reversion clause for attorneys' fees is problematic because it removes an important economic

incentive that class members may have in challenging a fee award that may be excessive under the circumstances. The clause also gives the district court one less reason to challenge an award of attorneys' fees where any reduction would only benefit the defendant, who may have all but admitted to significant violations of the law. *See Staton*, 327 F.3d at 970 (rejecting a condition that would "inhibit district courts from engaging in independent determinations of reasonable fees").

ment in special circumstances when "the percentage recovery would be either too small or too large in light of the hours devoted to the case or other relevant factors"). Having acknowledged that the lodestar factors weigh against a substantial award, the district court did not abuse its discretion in giving weight to other factors, such as the results achieved for the class and the favorable timing of the settlement. *See Vizcaino,* 290 F.3d at 1047–50. Under these circumstances, the court's ultimate award of 25% was not unreasonable. *See Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1029 (9th Cir.1998) (referring to 25% in attorneys' fees as a "benchmark award"). Further, the court's calculation of 25% of the total award, rather than 25% of the amount actually collected by the class, was proper, and was in line with Ninth circuit precedent. *See id.* (discussing awards of 25% of *the common fund* as benchmark figure).

▆▆▆ Evans also argues that the district court abused its discretion in using the percent-of-recovery approach (rather than the lodestar multiplier approach) in calculating attorneys' fees. However, "[i]n 'common-fund' cases where the settlement or award creates a large fund for distribution to the class, the district court has discretion to use either a percentage or lodestar method." *Hanlon,* 150 F.3d at 1029 (internal citations omitted). Similarly, Evans' contention that the district court erred in using common fund principles in assessing the award of attorneys' fees is inconsistent with Ninth Circuit jurisprudence, which permits the application of common fund principles where—as in the present case—the class of beneficiaries is identifiable and the benefits can be traced in order to allocate the fees to the class. *See Petition of Hill,* 775 F.2d 1037, 1041 (9th Cir.1985)(citing *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 265 n. 39, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975)).

Therefore, the district court did not abuse its discretion in approving the settlement, including the award of attorneys' fees, as fair, reasonable, and adequate.

### III. *D'Aria's Claim*

In order to challenge the fairness of the settlement or the reasonableness of class counsel's fees, D'Aria must either submit a timely objection to the settlement or be granted leave to intervene. D'Aria failed to submit a timely objection to the settlement. One month after the deadline to opt out of the settlement, D'Aria sought to intervene in the suit as a matter of right, pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure. *See* Fed. R.Civ.P. 24(a); ER 448. The district court properly denied D'Aria's motion to intervene as of right because D'Aria's motion was untimely. *See* ER 451–454.

The district court's decision is AFFIRMED.