**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DAVID FOLSOM; PAMELA
BRODWOLF-FOLSOM,

        Debtors - Appellants,

  v.

GERALD H. DAVIS, Chapter 7 Trustee,

        Appellee.

No. 11-56413

D.C. No. 3:10-cv-02440-L-NLS

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, District Judge, Presiding

Submitted March 12, 2013[**]

Before:     PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

    Appellants David Folsom ("Debtor") and Pamela Brodwolf-Folsom appeal

pro se from the district court's order affirming the bankruptcy court's summary

judgment in an adversary proceeding brought by the bankruptcy trustee concerning

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

ownership of real property.  We have jurisdiction under 28 U.S.C. § 158(d).  We review independently the bankruptcy court's decision without deference to the district court's determinations.  *Leichty v. Neary (In re Strand)*, 375 F.3d 854, 857 (9th Cir. 2004).  We affirm.

The bankruptcy court properly granted summary judgment because, under the terms of Appellants' pre-marital contract, the real property at issue is community property and thus Debtor's interest is property of the bankruptcy estate.  *See* Cal. Fam. Code § 1500 ("The property rights of husband and wife prescribed by statute may be altered by a premarital agreement or other marital property agreement."); *Bolton v. MacDonald (Estate of MacDonald)*, 794 P.2d 911, 918 (Cal. 1990) (transmutation requires language that expressly states that characterization or ownership of property is being changed); *see also* Fed. R. Bankr. P. 7056 (applying Federal Rule of Civil Procedure 56 in bankruptcy adversary proceedings).

We do not consider Appellants' arguments and documents that were not presented below.  *See United States v. Shaltry (In re Home Am. T.V.-Appliance Audio, Inc.)*, 232 F.3d 1046, 1052 (9th Cir. 2000) (absent exceptional circumstances, an argument is waived if it is not presented before either the bankruptcy court or the district court); *Kirshner v. Uniden Corp. of Am.*, 842 F.2d

1074, 1077 (9th Cir. 1988) (documents not filed with the district court are not part of the record on appeal).

**AFFIRMED.**