**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ADRIAN FERNANDO GURROLA, | No. 12-57242 |
| Petitioner - Appellant, | D.C. No. 2:11-cv-06221-SJO |
| v. | |
| MIKE McDONALD, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted May 13, 2014[**]

Before:    CLIFTON, BEA, and WATFORD, Circuit Judges.

California state prisoner Adrian Fernando Gurrola appeals pro se from the

district court's denial of his 28 U.S.C. § 2254 habeas petition. We have

jurisdiction under 28 U.S.C. § 2253, and we remand.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Gurrola contends that the trial court violated his due process rights by admitting an audiotape recording of a conversation that included allegedly involuntary statements procured by coercion. The district court concluded that the state court's determination that the statements were not coerced was objectively reasonable. In making this determination, the district court reviewed only a transcript of the recording because the state had not lodged the audiotape, and therefore the audiotape is not part of the record on appeal. *See Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988) ("Papers not filed with the district court or admitted into evidence by that court are not part of the clerk's record and cannot be part of the record on appeal.").

Without the actual recording, we cannot fully determine whether the state court's adjudication of Gurrola's due process claim was contrary to, or an unreasonable application of, clearly established law, or whether it was an unreasonable determination of the facts based on the evidence presented. Accordingly, we remand to the district court for the limited purpose of reconsidering Gurrola's due process claim after listening to the audiotape recording.

**REMANDED** for proceedings consistent with this disposition.

12-57242