**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SAMUEL L. CALDWELL,

        Plaintiff - Appellant,

    v.

TORRANCE L. PORCH, Police Officer:
in individual and official capacity; et al.,

        Defendants - Appellees.

No. 14-55986

D.C. No. 2:12-cv-03129-JLS-SS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted January 20, 2016[**]

Before:     CANBY, TASHIMA, and NGUYEN, Circuit Judges.

     Samuel L. Caldwell appeals pro se from the district court's summary

judgment in his 42 U.S.C. § 1983 action alleging false arrest and imprisonment,

and conspiracy to falsely arrest.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo. *Franklin v. Fox*, 312 F.3d 423, 436 (9th Cir. 2002). We affirm.

The district court properly granted summary judgment on Caldwell's false arrest and imprisonment claim because Caldwell failed to raise a genuine dispute of material fact as to whether defendants lacked probable cause to arrest him. *See United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007) (defining probable cause and explaining that it is an objective standard); *Dubner v. City & County of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001) (a plaintiff must show there is no probable cause in order to prevail on a § 1983 claim for unlawful arrest).

The district court properly granted summary judgment on Caldwell's conspiracy claim because Caldwell failed to raise a genuine dispute of material fact as to whether defendants had an agreement to violate his constitutional rights. *See Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1301 (9th Cir. 1999) ("To establish the defendants' liability for a conspiracy, a plaintiff must demonstrate the existence of an agreement or meeting of the minds to violate constitutional rights." (citations and internal quotation marks omitted)).

The district court did not abuse its discretion in denying Caldwell's motion for appointment of counsel because Caldwell failed to demonstrate exceptional circumstances. *See Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (setting forth standard of review and requirements for appointment of counsel).

14-55986

Caldwell waived his right to challenge the district court's factual findings concerning summary judgment because he failed to object to the magistrate judge's report and recommendation. *See Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) ("[F]ailure to object to a magistrate judge's factual findings waives the right to challenge those findings . . . ."). We reject Caldwell's contentions regarding alleged deficiencies in discovery because Caldwell failed to establish that the district court abused its discretion in any discovery ruling. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (explaining that a district court's decision to deny discovery "will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant" (citations and internal quotation marks omitted)).

We reject as meritless Caldwell's arguments that the district court abused its discretion by holding him to the same standard as legal counsel even though he was pro se, and by shifting the burden of proof.

We do not consider claims raised for the first time on appeal, or new evidence introduced on appeal. *See Cold Mountain v. Garber*, 375 F.3d 884, 891 (9th Cir. 2004); *Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988).

**AFFIRMED.**

14-55986