NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 14 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LUIS RAMOS; GUDELIA SANDOVAL,

Plaintiffs-Appellants,

and

ALFONSO PADRON, Jr.; ELIDA
PADRON,

Plaintiffs,

v.

GERARDO ALVAREZ; PARLIER
UNIFIED SCHOOL DISTRICT,

Defendants-Appellees,

and

PARLIER UNIFIED SCHOOL DISTRICT
BOARD OF TRUSTEES; et al.,

Defendants.

No.   21-16502

D.C. No.
1:15-cv-00535-DAD-EPG

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Argued and Submitted July 16, 2024

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

San Francisco, California

Before: M. SMITH, BENNETT, and JOHNSTONE, Circuit Judges.

Luis Ramos and Gudelia Sandoval (collectively, the "Employees") are former employees of the Parlier Unified School District ("PUSD") who participated in local school board elections. The Employees, with several of their colleagues, filed suit against PUSD and Gerardo Alvarez, its former Superintendent (collectively, the "District"), alleging that Alvarez took adverse employment actions against them because of their political affiliations and publicized false or private information about them. A jury unanimously returned a verdict for the District, and the district court later denied the Employees' motion for a new trial. On appeal, the Employees argue that a new trial is warranted because the district court made several procedural and evidentiary errors throughout the proceedings. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The Employees contend that the district court erred in excluding the Fiscal Crisis & Management Assistance Team report ("FCMAT Report") from evidence, but the record does not contain a final ruling by the district court on the matter. *See Adkins v. Mireles*, 526 F.3d 531, 542 (9th Cir. 2008) ("[I]n order to appeal an issue on which the district court ruled *in limine*, a party must first receive a final ruling on the issue."). On the contrary, the district court denied the District's

pre-trial motion to exclude the FCMAT Report. Although the Employees later made it known that they would have difficulty authenticating the FCMAT Report, the district court stated that it was "not prohibiting [the Employees] from trying to get it in." We see no indication that the Employees attempted to do so. "Because [the Employees] failed to make an offer of proof, or otherwise attempt to introduce [the FCMAT Report], [the Employees] cannot challenge the exclusion of that evidence on appeal."[1] *Tennison v. Circus Circus Enters., Inc.*, 244 F.3d 684, 689 (9th Cir. 2001).

2. The district court acted within its discretion in precluding the Employees' witnesses who had previously settled their claims against the District from testifying about the specifics of their claims. *See Barranco*, 952 F.3d at 1127. Although the Employees now argue that this testimony would have described "other acts" probative of Alvarez's motive for taking adverse employment action against them, they made no meaningful attempt to establish that these details were admissible for this purpose before the district court. *See* Fed. R. Evid. 404(b); *United States v. Charley*, 1 F.4th 637, 647 (9th Cir. 2021).

---

[1] Because the Employees never attempted to enter the FCMAT Report into evidence, which directly resulted in its absence at trial, any error the district court may have made in precluding the authentication testimony of the Employees' witness, Jim Yovino, would be harmless. 28 U.S.C. § 2111; Fed. R. Civ. P. 61; *see Barranco v. 3D Sys. Corp.*, 952 F.3d 1122, 1127 (9th Cir. 2020) (stating that we will reverse an evidentiary ruling "only if [it] is 'erroneous *and* prejudicial'" (quoting *Wagner v. Cnty. of Maricopa*, 747 F.3d 1048, 1052 (9th Cir. 2013))).

3. The Employees finally contend that the district court erred in denying their motion for a new trial based on allegedly inflammatory remarks that counsel for the District made during closing arguments. Because the Employees did not object to these statements at trial, we review the district court's decision for plain error. *See Claiborne v. Blauser*, 934 F.3d 885, 893–94 (9th Cir. 2019). We find no plain error here. Even assuming that counsel for the District improperly referred to the plaintiffs' financial motivations for filing suit against his clients during closing arguments, the remarks were not a clear appeal to prejudices against Hispanic people, as the Employees suggest. *Cf. Bird v. Glacier Elec. Coop., Inc.*, 255 F.3d 1136, 1150–52 (9th Cir. 2001) (finding a denial of due process where counsel's closing statements were "replete" with obvious "appeals to [racial] bias"). And in any event, the remarks were not so pervasive or inflammatory that "the jury was influenced by passion and prejudice in reaching its verdict." *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1192 (9th Cir. 2002) (quoting *Kehr v. Smith Barney, Harris Upham & Co., Inc.*, 736 F.2d 1283, 1286 (9th Cir. 1984)).

**AFFIRMED.**[2]

---

[2] We **GRANT** the District's motion to strike the FCMAT Report from the Employees' Supplemental Excerpts of Record. (Dkt. 40). *See Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988); Fed. R. App. P. 10(a); Ninth Cir. R. 10-2.