NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 14 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SKYDIVING SCHOOL, INC., dba Skydive
Hawaii,

Plaintiff - Appellant,

v.

GOJUMP AMERICA, LLC, a Nevada
limited liability company; GOJUMP
HAWAII, LLC, a Hawai'i limited liability
company; MICHAEL VETTER,

Defendants - Appellees.

No. 24-1822

D.C. No.
1:23-cv-00292-DKW-WRP

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Submitted February 12, 2025[**]
Honolulu, Hawaii

Before: S.R. THOMAS, BRESS, and DE ALBA, Circuit Judges.

Plaintiff-Appellant Skydiving School Inc. ("SSI") appeals the district court's

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

grant of Defendant-Appellee GoJump America, LLC's ("GoJump") Rule 12(b)(6) motion to dismiss its claim against GoJump for trademark infringement without leave to amend based on the classic fair use defense. SSI and GoJump are competing skydiving businesses that operate out of the same airfield on Oahu. SSI owns the trademark for the phrase "Skydive Hawaii" and alleges GoJump infringed its trademark by using various phrases on GoJump's website and in internet advertising, including "Skydiving in Hawaii," "Oceanview Skydiving in Hawaii," "Skydive Hawaii with GoJump," and several others. SSI alleged instances of actual consumer confusion and commissioned a survey that found a likelihood that 15.6% of consumers would confuse GoJump's services as somehow coming from or otherwise affiliated with SSI.

The district court ruled that GoJump established the classic fair use defense based on SSI's allegations. It found that SSI "elected to use the most common word to describe its service—'skydive'—along with the name of the State where those services take place—'Hawaii'" as its trademark. The court also found that enforcing that trademark as alleged would effectively give SSI an impermissible monopoly over the words that "most efficiently and accurately describe" the services both companies provide. The court denied leave to amend because no amendment would "change the nature of" the allegedly infringing uses.

We review the district court's dismissal for failure to state a claim under

Rule 12(b)(6) de novo, and its denial of leave to amend the complaint for abuse of discretion. *See Wilson v. Lynch*, 835 F.3d 1083, 1090 (9th Cir. 2016). The complaint must "contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). We accept factual allegations as true and construe them in the light most favorable to the plaintiff. *See In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). We do not accept as true allegations that are conclusory or mere "[t]hreadbare recitals" of the elements of a claim. *Iqbal*, 556 U.S. at 678.

Dismissal based on an affirmative defense at the pleading stage is rare but proper when the defense "is obvious on the face of the complaint" or based on judicially noticeable facts. *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013); *see also Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc); *ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014).

We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.[1]

1.　　The classic fair use defense bars SSI's trademark infringement claim. Classic fair use requires GoJump to show that (1) it uses the challenged terms in a

---

[1] We deny SSI's belated request to take judicial notice of the Asset Purchase Agreement that was not before the district court when it made its ruling, and we strike it from the record on appeal. *See Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077–78 (9th Cir. 1988); *Jesperson v. Harrah's Operating Co.*, 444 F.3d 1104, 1110 (9th Cir. 2006 (en banc).

way "other than as a trademark"; (2) the use is "descriptive of [GoJump's] goods"; and (3) the use was in good faith. *Marketquest Grp., Inc. v. BIC Corp.*, 862 F.3d 927, 935 (9th Cir. 2017); *see also* 15 U.S.C. § 1115(b)(4). Trademark law does not allow "anyone to obtain a complete monopoly on use of a descriptive term simply by grabbing it first." *KP Permanent Make-up, Inc. v. Lasting Impressions I, Inc.* (*KP I*), 543 U.S. 111, 122 (2004).

"[F]air use can occur along with some degree of confusion." *Id.* at 123–24. We have held that the "degree of customer confusion [is] a factor in evaluating fair use," and the scope of the defense "varies with [] the descriptive purity of the defendant's use and whether other words are available to do the describing." *Marketquest*, 862 F.3d at 935–36, 938 (cleaned up); *see also KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.* (*KP II*), 408 F.3d 596, 609 (9th Cir. 2005)). Plaintiffs who choose "to identify [their] product with a mark that uses a well known descriptive phrase" assume the risk of some consumer confusion. *KP I*, 543 U.S. at 123–24.

Taking SSI's allegations as true, the classic fair use defense is apparent on the face of SSI's Complaint and exhibits incorporated therein. Each of the alleged infringing uses is purely descriptive of GoJump's service—skydiving in Hawaii. There is no plausible allegation that GoJump uses any of the challenged terms or

phrases as a trademark,[2] and there are only conclusory assertions of bad faith. SSI chose the most common descriptive words for its Hawaii skydiving service as its trademark, and thus assumed the risk of some consumer confusion. The degree of consumer confusion alleged, taken as true for purposes of the Rule 12(b)(6) motion, is an appropriate degree of confusion in light of the descriptive purity of GoJump's uses of the words "skydive" and "Hawaii." As the district court ruled, SSI cannot monopolize the basic name of the service that it and its competitors provide (skydiving) and the name of the state where they occur (Hawaii). *See KP I*, 543 U.S. at 122. To the extent SSI argues that the classic fair use defense cannot be raised at this stage, that argument lacks merit.

2.      The district court did not abuse its discretion in denying leave to amend. Leave to amend is not required when amendment would be futile. *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). SSI alleged specific uses of its trademark "Skydive Hawaii," and the nature of those uses will not change with amendment. Nor does SSI offer any additional facts it could or would allege to avoid the fair use defense.

**AFFIRMED.**

---

[2] SSI argues that the "Sponsored" Google search results show that GoJump purchased Google Ad keywords, which SSI argues is a trademark use. But SSI fails to allege what, if any, specific keywords GoJump purchased or that the "sponsored" results are due to anything other than Google's algorithm searching for some form of the words "skydive" and "Hawaii."