UNITED STATES of America,
Plaintiff–Appellee,

v.

Hermelinda VALDIVIA, Defendant–Appellant.

Hermelinda VALDIVIA,
Plaintiff–Appellant,

v.

UNITED STATES of America,
Defendant–Appellee.

Nos. 94–50001, 94–56448.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 6, 1995.

Decided July 14, 1995.

Martha M. Hall, DiIorio & Hall, San Diego, CA, for defendant-appellant/plaintiff-appellant.

Linda A. Frakes, Asst. U.S. Atty., San Diego, CA, for plaintiff-appellee/defendant-appellee.

Before: PREGERSON, POOLE and D.W. NELSON, Circuit Judges.

### ORDER

PER CURIAM.

The judgments of the district court are AFFIRMED.

Regarding Appellant's 28 U.S.C. § 2255 motion, the district court accurately held that Valdivia was not denied effective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The counsel's actions were not outside the wide range of professionally competent assistance, and they could

well have been part of a legal strategy to preserve Appellant's green card. The counsel's representation of Appellant's innocence during the plea proceeding was in full accordance with the sentiment expressed by Valdivia herself in her subsequent trial testimony, in which she likewise asserted her innocence.

 The case upon which Valdivia primarily relies, *United States v. Blaylock*, 20 F.3d 1458 (9th Cir.1994), is distinguishable from the instant case because the attorney in *Blaylock* did not communicate the plea offer to his client at all. Appellant's other basis for her ineffective assistance of counsel claim, that her daughter was used as an interpreter by the attorney, likewise fails the *Strickland* calculus. It was also within the counsel's range of professionally competent assistance to use the daughter as an interpreter, and there is no requirement that an attorney hire an impartial translator for client meetings. The daughter's utilization as an interpreter here is distinguished from the circumstance in *Chacon v. Wood*, 36 F.3d 1459 (9th Cir. 1994), in which a prisoner claimed a court interpreter *deliberately* failed to translate the counsel's advice accurately.[1]

Regarding Appellant's claims on direct appeal, in which she challenges her jury conviction and sentence, all are without merit. There was sufficient evidence presented for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. *See United States v. Lennick*, 18 F.3d 814, 819 (9th Cir.), *cert. denied*, — U.S. ——, 115 S.Ct. 162, 130 L.Ed.2d 100 (1994). The district court neither erred in admitting improper impeachment on a collateral issue in rebuttal, nor in denying Valdivia a downward departure for her role in the crime.

**AFFIRMED.**

---

[1] We note that in deciding the ineffective assistance of counsel claim, we deny the government's motion to strike portions of Appellant's opening brief and excerpts of the clerk's record. All materials before us were considered. Turner's affidavit was legitimately part of the record because it was filed by permission of the district court. As such, it was part of the record on appeal. *See Kirshner v. Uniden Corp. of America*, 842 F.2d 1074, 1077 (9th Cir.1988) ("[O]riginal papers and exhibits filed in the district court.... shall constitute the record on appeal in all cases").