**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Julio CABRERA–ROSARIO,
Defendant—Appellant.**

No. 03–56201.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 7, 2004.

Decided Dec. 8, 2004.

Samantha M. Phillips, USLA–Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Nora M. Manella, AUSA, United States Attorneys Office, Stephen M. Lathrop, Lathrop & Villa, Los Angeles, CA, for Defendant–Appellant.

Before: WALLACE, T.G. NELSON, and WARDLAW, Circuit Judges.

MEMORANDUM *

Julio Cabrera–Rosario appeals the district court's denial of his 28 U.S.C. § 2255 petition. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The record supports the district court's finding that Kovler did advise Ca-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

brera to plead guilty and did inform him of the Government's offer.[1] The district court heard extensive testimony. It was free to credit Kovler's testimony over Cabrera's even if the two men's accounts were equally plausible, which they were not.[2] Moreover, the Assistant United States Attorney's testimony corroborated important aspects of Kovler's testimony. Accordingly, the district court did not err, much less clearly err, as to this issue. We affirm.

■ Even assuming that Kovler failed to inform Cabrera of the possibility of a plea made pursuant to *North Carolina v. Alford* ("*Alford* plea"),[3] we affirm. Cabrera has not established ineffective assistance because he has not established prejudice.[4] The district court found, entirely reasonably, that Cabrera had consistently maintained his innocence and had refused to even entertain the possibility of a plea. The record strongly supports this finding, and Cabrera does not contest it.[5] Nothing suggests that if Cabrera had been made aware of the possibility of an *Alford* plea, he would have changed his course. Additionally, Cabrera has not shown that the court would have accepted the rarely used *Alford* plea.[6] Accordingly, we affirm on the second issue.

■ Clear precedent precludes Cabrera's claim that counsel's failure to use a certified Spanish translator during all his discussions with Cabrera rendered his assistance ineffective. "[T]here is no requirement that an attorney hire an impartial translator for client meetings."[7] The case on which Cabrera relies involved an interpreter who purposefully gave an inaccurate translation of counsel's advice.[8] Nothing suggests anything of the sort occurred in this case. Accordingly, we affirm on the third and final issue.

AFFIRMED.

---

1. We review the district court's findings of fact for clear error in this context. *Sanchez v. United States*, 50 F.3d 1448, 1452 (9th Cir. 1995).

2. *See United States v. Elliott*, 322 F.3d 710, 715 (9th Cir.2003) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous") (internal quotation marks and citation omitted).

3. 400 U.S. 25, 35–36, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

4. *Clark v. Lewis*, 1 F.3d 814, 823 (9th Cir. 1993) (describing requirements for establishing prejudice in a plea context).

5. If he were to contest the finding, we would nonetheless affirm. The finding was proper, and was certainly not clearly erroneous. *See Sanchez*, 50 F.3d at 1452.

6. *See Clark*, 1 F.3d at 823.

7. *United States v. Valdivia*, 60 F.3d 594, 595 (9th Cir.1995).

8. *See Chacon v. Wood*, 36 F.3d 1459, 1464 (9th Cir.1994).