**Blayne Kim LaFONTAINE, husband and wife, a marital community; et al., Plaintiffs–Appellants,**

v.

**MASSACHUSETTS CASUALTY COMPANY, a Foreign Insurer; et al., Defendants–Appellees.**

**No. 06–35434.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 19, 2007.*

Filed Nov. 9, 2007.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

24

John D. Morgan, Esq., MacDermid Liebert Dunaway & Morgan, PS, Silverdale, WA, for Plaintiffs–Appellants.

Christopher H. Howard, Esq., Renea I. Saade, Esq., Schwabe Williamson & Wyatt, PC, for Defendants–Appellees.

Before: GOULD and PAEZ, Circuit Judges, and STROM **, Senior Judge.

MEMORANDUM ***

Blayne Kim LaFontaine ("LaFontaine") appeals from the district court's grant of summary judgment in favor of Massachusetts Casualty Insurance Co. ("MCIC"). We have jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a), (b), and we affirm in part, and reverse in part.[1]

LaFontaine first argues that the district court erred in finding that he raised no genuine issues of material fact necessitating a trial with respect to his breach of contract claim. We agree.

The district court held that LaFontaine did not provide sufficient evidence to create a genuine issue of fact as to whether he was "totally disabled" as defined in the subject insurance policy, and whether

** The Honorable Lyle E. Strom, Senior United States District Judge for the District of Nebraska, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. MCIC's motion to strike LaFontaine's Supplemental Excerpts of Record (and all references to them in Appellant's Reply Brief) is granted. This court has consistently held that "[p]apers not filed with the district court or admitted into evidence by that court are not part of the clerk's record and cannot be part of the record on appeal." *Kirshner v. Uniden Corp. of Amer.*, 842 F.2d 1074, 1077 (9th Cir.1988).

he met the income-related qualifications for "residual disability."

■ The district court construed the terms of the total disability provision to mean that "[w]hile there may be some job duties that LaFontaine cannot perform daily, there is no evidence that LaFontaine cannot perform all of the substantial and material duties of his occupation...." That interpretation, however, conflicts with the plain meaning of the policy terms. By the provision's plain terms,[2] total disability exists when the number of material duties an insured cannot perform crosses the line from "one or more" to "substantial."

LaFontaine presented sufficient evidence to show that a question of fact exists as to whether he was unable to perform a substantial portion of the material duties of his job. He also presented sufficient evidence to create a question of fact as to whether he met the income-related qualifications for residual disability. Therefore summary judgment on LaFontaine's breach of contract claim was erroneous.

■ Next, LaFontaine argues that the district court erred in granting summary judgment to MCIC on his Consumer Protection Act ("CPA") claim. We disagree. To establish a violation of the CPA, a plaintiff must show that the defendant engaged in "(1) an unfair or deceptive act or practice, (2) in trade or commerce, (3) that impacts the public interest, (4) which causes injury to the party in his business or property, and (5) which injury is causally linked to the unfair or deceptive act." *Indus. Indem. Co. of the Nw., Inc. v. Kallevig,* 114 Wash.2d 907, 792 P.2d 520, 528 (1990). LaFontaine has not alleged any injury. At the summary judgment stage,

LaFontaine had the burden of demonstrating the legal basis for each element of his claim, as well as producing sufficient evidence to support those arguments. He did neither here. Accordingly, the district court did not err in granting summary judgment on the CPA claim.

**AFFIRMED** in part and **REVERSED** in part. The parties shall bear their own costs on appeal.

---

2. Total disability is described in the policy as the "substantial inability to perform material

duties [of the work in question]."