**SAFRON CAPITAL CORPORATION,**
On behalf of itself and all others
similarly situated, Plaintiff,

and

**Ngoan Van Le; et al., Plaintiffs—
Appellants,**

v.

**LEADIS TECHNOLOGY, INC.; et
al., Defendants—Appellees.**

No. 06–15623.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 8, 2008.

Filed April 18, 2008.

Robert S. Green, Esq., Green Welling, LLP, San Francisco, CA, Andrew Zivitz, Esq., Todd M. Mosser, Esq., Michelle M. Backes, Esq., Schiffrin & Barroway, LLP, Radnor, PA, for Plaintiffs–Appellants.

Grant P. Fondo, Esq., Laura R. Smith, Esq., Cooley Godward Kronish, LLP, Kevin S. Rosen, Esq., Jonathan C. Dickey, Esq., Gibson Dunn & Crutcher, LLP, Palo Alto, CA, for Defendants–Appellees.

Before: RYMER, T.G. NELSON, and PAEZ, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Appellees' request for monetary sanctions is denied. We note that at oral argument, counsel for Appellants acknowledged that the inclusion of documents in the Addendum that

MEMORANDUM \*

Appellants Ngoan Van Le, Richard Beedenbender, and Scott Strouse appeal the district court's order dismissing with prejudice their Consolidated Class Action Complaint ("Complaint") alleging violations of Sections 11, 12(a)(2), and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k, 77*l*(a)(2), and 77*o*, in connection with Leadis Technology Inc.'s June 2004 initial public offering of common stock. In conducting our review, we accept the allegations in the dismissed complaint as true and construe them in the light most favorable to Appellants. *In re Daou Systems, Inc. Secs. Litig.,* 411 F.3d 1006, 1013 (9th Cir. 2005). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand.

As a preliminary matter, we address Appellees' motion to strike Appellants' opening brief and Appellants' request for judicial notice. The motion to strike is granted as follows: all documents in the Addendum to Appellants' opening brief are stricken except the district court's order in *In re BioLase Tech. Sec. Litig.,* No. 04–947 DOC (C.D.Cal. Jan. 27, 2003).[1] *See* Fed. R.App. P. 10(a); *Kirshner v. Uniden Corp. of Am.,* 842 F.2d 1074, 1077 (9th Cir.1988). In all other respects, Appellees' motion to strike is denied. As to the *BioLase* order, we grant Appellants' request to take judicial notice. Fed.R.Evid. 201. Appellants' request for judicial notice as to all other extra-record materials is denied.

Fraud is not an essential element of the claims raised in the Complaint, and the

were not properly before the district court violates Rule 10(a) of the Federal Rules of Appellate Procedure and represented that such conduct would not recur. We have no reason to believe that counsel will not abide by his representations.

Complaint neither specifically alleges fraud, nor does it allege facts that *necessarily* constitute fraud. *See Vess v. Ciba–Geigy Corp. USA,* 317 F.3d 1097, 1104–05 (9th Cir.2003). Section 11 does not require a plaintiff to allege or prove fraud, but even if fraud is not an essential element of such a claim, "the particularity requirements of Rule 9(b) [of the Federal Rules of Civil Procedure] apply to claims brought under Section 11 when ... they are grounded in fraud." *In re Stac Electronics Secs. Litig.,* 89 F.3d 1399, 1404–05 (9th Cir.1996). *See also In re Daou,* 411 F.3d at 1027. Where the allegations in a complaint do not use the word "fraud" to describe a defendant's actions, a complaint "sounds in fraud" or is "grounded in fraud" and Rule 9(b) nonetheless applies whenever a complaint relies entirely on a "unified course of fraudulent conduct." *Vess,* 317 F.3d at 1105–06, 1108. *See also In re Stac,* 89 F.3d at 1404–05. A complaint containing allegations that "neither mention[ ] the word "fraud," nor allege[ ] facts that would necessarily constitute fraud" does not allege a unified course of fraudulent conduct. *Vess,* 317 F.3d at 1105–06.

Here, the Complaint does not rely upon a unified course of fraudulent conduct. Indeed, Appellants do not allege a claim under Section 10(b) of the Securities Exchange Act—a claim that would require them to allege fraud. Nor do they allege facts in the complaint that necessarily constitute fraud. Accordingly, the allegations in the Complaint do not "sound in fraud," and we conclude that the Complaint is not properly subject to the heightened pleading requirements of Rule 9(b). *See Vess,* 317 F.3d at 1105.

Because we reverse and remand on this basis, we do not reach Appellants' additional argument that the district court abused its discretion by dismissing the Complaint with prejudice.

REVERSED and REMANDED.

RYMER, Circuit Judge, dissenting.

I would affirm for the reasons stated by Judge Breyer.