FILED

NOT FOR PUBLICATION

AUG 30 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROBIN LEE SHERWOOD,

Plaintiff - Appellant,

v.

DEPUTY TANCRATOR, San Bernardino
County Sheriff's Deputy in his/her
individual capacity; et al.,

Defendants - Appellees.

No. 08-56119

D.C. No. 5:06-cv-00096-CJC-PLA

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted August 10, 2010[**]

Before:    O'SCANNLAIN, HAWKINS, and IKUTA, Circuit Judges.

Robin Lee Sherwood appeals pro se from the district court's summary

judgment in favor of the defendants in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his safety when he was a pretrial detainee. We have

_____

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291.  We review de novo the district court's summary judgment, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) , and we affirm.

Sherwood claims that the defendants were deliberately indifferent when they double-celled him in the general population rather than placing him in protective custody because he had initiated the gang dropout process.  Summary judgment was proper because Sherwood failed to raise a genuine issue of material fact as to whether the defendants were deliberately indifferent to an excessive risk to his safety.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (requiring evidence that defendants actually knew of and disregarded a risk to a prisoner's safety).  Specifically, the uncontroverted evidence demonstrated that Sherwood did not start the official debriefing and dropout process until 2007, well after the incident at issue during which he was attacked; that Sherwood requested that he not be placed in protective custody; and that the defendants did not have information indicating that Sherwood's cell-mate posed a risk of serious danger to Sherwood.

The additional material Sherwood submitted on appeal is not part of the appellate record and will not, therefore, be considered.  *See* Fed. R. App. P. 10(a); *Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988) ("Papers not

filed with the district court or admitted into evidence by that court are not part of the clerk's record and cannot be part of the record on appeal.").

**AFFIRMED.**