FILED

NOV 19 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANK ORTIZ, | No. 09-15918 |
| Plaintiff - Appellant, | D.C. No. 3:05-cv-00113-LRH-VPC |
| v. | |
| DAVID KELLY; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted November 16, 2010[**]

Before:     TASHIMA, BERZON, and CLIFTON, Circuit Judges.

Nevada state prisoner Frank Ortiz appeals pro se from the district court's

summary judgment in his 42 U.S.C. § 1983 action.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo summary judgment, *Toguchi v. Chung*, 391

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.3d 1051, 1056 (9th Cir. 2004), and for an abuse of discretion the district court's order refusing to impose sanctions for alleged spoliation of evidence, *Ingham v. United States*, 167 F.3d 1240, 1246 (9th Cir. 1999). When a party raises the issue of judicial bias for the first time on appeal, we review for plain error. *United States v. Bosch*, 951 F.2d 1546, 1548 (9th Cir. 1991). We affirm.

The district court properly granted summary judgment for defendants. Although the district court warned Ortiz that he must set forth specific facts in the form of admissible evidence, Ortiz failed to present evidence creating a genuine issue of material fact as to the sexual assault claim. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Ortiz also failed to present evidence creating a genuine issue of material fact as to his access to the courts claim. *See id.*; *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

Noting that Ortiz made no showing of spoliation of evidence, the district court did not abuse its discretion by refusing to draw a negative inference and impose sanctions for alleged spoliation of evidence. *See Ingham*, 167 F.3d at 1246.

Ortiz's contention that the district court was biased fails because he does not point to any evidence in the record of judicial bias. *See Commercial Paper*

*Holders v. Hine (Matter of Beverly Hills Bancorp),* 752 F.2d 1334, 1341 (9th Cir. 1984) ("[u]nfavorable rulings alone are legally insufficient to require recusal").

We do not consider arguments raised for the first time on appeal or in a reply brief. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

Defendants' motion to strike from the court's consideration exhibits that were not part of the record before the district court is granted. *See Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988) ("Papers not filed with the district court or admitted into evidence by that court are not part of the clerk's record and cannot be part of the record on appeal.").

**AFFIRMED.**