

NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY APPELLATE PANEL

OF THE NINTH CIRCUIT

In re:                                  ) BAP No.   CC-11-1353-PaMkH
                                        )
BRIAN W. DAVIES,                        ) Bk. No.   10-37900-SC
                                        )
                Debtor.                 )
_____ )
                                        )
BRIAN W. DAVIES,                        )
                                        )
                Appellant,              )
                                        )
v.                                      ) **M E M O R A N D U M**[1]
                                        )
PATRICIA ZIMMERMAN, Chapter 7           )
Trustee,                                )
                                        )
                Appellee.               )
                                        )
_____ )

Argued and Submitted on November 16, 2011
at Pasadena, California

Filed - December 9, 2011

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Scott C. Clarkson, Bankruptcy Judge, Presiding

---

Appearances:   Appellant Brian W. Davies argued pro se.  Trustee
               Patricia Zimmerman filed a brief but did not appear
               at oral argument.

---

Before: PAPPAS, MARKELL and HOLLOWELL, Bankruptcy Judges.

---

[1]  This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value.  See 9th Cir. BAP Rule 8013-1.

-1-

Chapter 7[2] debtor Brian W. Davies ("Davies") appeals the bankruptcy court's "Order Denying in Part and Granting in Part Trustee's Motion to Set Aside/Reconsider Order Granting Debtor's Motion to Compel Abandonment of Property by the Trustee and to Withdraw the Trustee's No Asset Report." We AFFIRM.

**FACTS**

Unless noted otherwise, the facts in this appeal are undisputed.

Davies divorced his wife, Carolyn Kao, in 2007. In connection with the divorce, in October 2007, Davies was granted a money judgment against Kao for $2,693,680.97 (the "Judgment"). Davies alleges that Kao, a Canadian citizen, left the area and he has been unable to locate her.

After several years of unsuccessful searching, Davies assigned his interest in the Judgment to Scott Kohn, a collections agent, on June 29, 2009. The assignment provided that any amounts collected by Kohn on the Judgment would be split evenly between Davies and Kohn. The agreement also provided that "if judgment has not been satisfied after 2 years, judgment will be reassigned back to [Davies]."

Davies filed a petition under chapter 7 on August 31, 2010. Patricia Zimmerman was appointed trustee ("Trustee"). Although his original schedules made no reference to the Judgment, on September 27, 2010, Davies amended Schedule B to include the following information about the Judgment:

---

[2] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037, or to the Federal Rules of Civil Procedure, Civil Rules 1-86.

> Judgment against Carolyn Kao entered on 10/29/2007 as part of the divorce Debtor was awarded $2.7 million. Debtor signed over the award money to a collection agency to collect the money. If collection agency collects the debt, Debtor gets half and collection agency gets half of what is collected. Respondent in case has disappeared and a skip trace has been placed. Likelihood of collection is unknown.

Davies listed the value of the Judgment in the schedule as "$0.00."

Davies was examined by Trustee at the § 341(a) meeting on October 15, 2010, where Davies provided Trustee a copy of the Judgment and Kohn's address. Davies and Trustee agree that, at the creditor's meeting, Davies advised Trustee that he tried to collect on the Judgment but that he had "given up."

Trustee thereafter contacted Kohn and was told that there was little hope of recovering on the Judgment. Trustee filed a "No Asset" report with the bankruptcy court on November 26, 2010.[3]

Davies filed a motion to compel abandonment of property on March 14, 2011. The only reference in the moving papers to the property at issue was the following:

> The market value of Debtor's real property [in Indio] is approximately $230,000 and the disputed debt against said real property is $650,000. The real property, taking into account the mortgages, liens and the costs of sale, has no equity for the benefit of the estate or the creditors. By this motion, the Debtor seeks the Court for an Order to compel abandonment of property by the Trustee on the grounds that the property is burdensome and is of inconsequential value to the estate.

Trustee did not oppose Davies' abandonment motion, and the bankruptcy court entered an order granting the motion on April 7,

---

[3] This conversation with Trustee is the only documented contact with Kohn in the bankruptcy case. Kohn has not appeared or taken any part in the proceedings or in this appeal.

-3-

2011 (the "Abandonment Order").

A month after entry of the Abandonment Order, on or about May 7, Trustee received an offer of $5,000 to buy the Judgment. The record does not reflect who submitted the offer. Trustee, on June 20, 2011, filed a Motion to Set Aside/Reconsider Order Granting Debtor's Motion to Compel Abandonment of Property by the Trustee and to Withdraw the Trustee's No Asset Report (the "Set Aside Motion"). In the motion, Trustee asked the bankruptcy court to either set aside the Abandonment Order, or to amend it to only include real property.

Davies filed an opposition to the Set Aside Motion on June 22, 2010. Davies principally argued that an Abandonment Order under § 554(b) is irrevocable. Davies' opposition contained no reference to Kohn.

On June 29, 2011, finding that no hearing was necessary, the bankruptcy court entered an Order denying in part and granting in part the Set Aside Motion (the "Set Aside/Reconsider Order"). The court granted that portion of the Set Aside Motion requesting leave by Trustee to withdraw the No Asset report, but denied the request to set aside or modify the Abandonment Order because:

> The Order entered on April 7, 2011 as docket number 75, granting Debtor's Motion to Compel Abandonment by Trustee (the "Abandonment Order"), only concerned and affected the real property identified as [the Indio property]. No other property, real or personal, was abandoned by the Abandonment Order. The "Ko Judgment" identified in the Motion remains property of the bankruptcy estate. Therefore, the [Set Aside] Motion with respect to abandonment is denied as moot.

Davies filed a timely appeal of the Set Aside/Reconsider Order on July 8, 2011, commencing the instant appeal.

On July 3, 2011, Trustee filed a Notice of Assets and

-4-

Possible Dividend in the bankruptcy case. On July 13, 2011, Trustee filed a motion for approval of the sale of the Judgment. In this motion, Trustee proposed to sell the bankruptcy estate's interest in the Judgment to Asset Acquisition Partners, LLC of Orlando Florida for $5,000, free and clear of liens, but subject to the right of others to submit overbids. A hearing on the sale motion was set for August 10, 2011.

Davies did not oppose the sale motion. However, on July 20, 2011, he filed an emergency motion for stay of the Set Aside/Reconsider Order pending appeal in the bankruptcy court. He repeated his argument that the Judgment had been effectively abandoned in the Abandonment Order under § 554(b), and that such abandonment was irreversible. He urged that he would likely succeed on the merits in this appeal, that he would suffer irreparable harm if Trustee's proposed sale was not stayed, and that a stay would not harm others. Again, Davies made no mention of Kohn in his motion for stay pending appeal. Trustee opposed the motion.

The bankruptcy court conducted a hearing on Davies' stay motion on July 25, 2011. Davies and Trustee appeared.[4] On July 25, 2011, the bankruptcy court entered a Memorandum Opinion indicating its intent to deny the stay motion. The court observed that the only legal question presented by Davies in the appeal was whether the Abandonment Order effectively covered all estate property, including the Judgment. The court repeated its earlier conclusion that the Abandonment Order pertained only to real property, not the Judgment. While it agreed, generally, with

---

[4] There is no transcript of this hearing in the record.

Davies that an abandonment under § 554(b) is irrevocable, the bankruptcy court concluded, again, that there had never been an abandonment of the Judgment so it never left the bankruptcy estate. Applying the four-part test for determining whether to grant a stay pending appeal expressed in Leiva-Perez v. Holder, 640 F.3d 962, 964 (9th Cir. 2011), the court concluded:

> The Debtor has not shown any likelihood of irreparable injury in the absence of stay, nor has it been shown that the balance of hardships tips sharply in favor of Debtor. Because Debtor has not made a strong showing of likelihood of success on appeal, and more importantly, because Debtor has failed to demonstrate any likelihood of irreparable injury, his motion for stay pending appeal is denied.

The bankruptcy court entered an order denying the motion for a stay pending appeal on July 25, 2011.[5]

The hearing on Trustee's motion to sell the Judgment took place on August 10, 2011. Only the Trustee appeared, and there were no other bidders. The bankruptcy court granted the motion and entered an order approving Trustee's proposal to sell the Judgment as proposed in his motion on August 12, 2011. Davies did not appeal that order, and it is not clear in the record or the bankruptcy docket whether the sale has been completed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (O). We have jurisdiction under 28 U.S.C. § 158.

---

[5] Davies filed an emergency motion for stay pending appeal with the Panel on August 2, 2011, in which he made the same arguments presented in the bankruptcy court. Notably, again, there was no mention in this motion of Kohn. The Panel denied the motion on August 3, 2011, concluding that Davies was not likely to succeed on the merits. Davies v. Zimmerman, BAP no. CC-11-1353 (9th Cir. BAP, August 3, 2011).

-6-

**ISSUE**

Whether the bankruptcy court abused its discretion in deciding that the Judgment had not been abandoned.

**STANDARD OF REVIEW**

The bankruptcy court's decision to authorize or deny abandonment is reviewed for an abuse of discretion. Viet Vu v. Kendall (In re Viet Vu), 245 B.R. 644, 647 (9th Cir. BAP 2000). A bankruptcy court abuses its discretion if it bases a decision on an incorrect legal rule, or if its application of the law was illogical, implausible, or without support in inferences that may be drawn from the facts in the record. United States v. Hinkson, 585 F.3d 1247, 1261-63 (9th Cir. 2009) (en banc); Ellsworth v. Lifescape Med. Assocs. (In re Ellsworth), 455 B.R. 904, 914 (9th Cir. BAP 2011).

**DISCUSSION**

I.

Before reaching the merits, we examine an issue raised by Davies for the first time late in this appeal: that Davies had sold the Judgment to Kohn pre-petition and, thus, "the [bankruptcy] estate did not contain the Debtor's sold judgment, and both the Court and Trustee erred in pursuing the sale of property not contained in the estate." Davies' Reply Br. at 1.

While the practice is disfavored, we have discretion to review an issue raised for the first time on appeal, if "(1) there are 'exceptional circumstances' why the issue was not raised in the trial court, (2) the new issue arises while the appeal is pending because of a change in the law, or (3) the issue presented is purely one of law and the opposing party will suffer no

prejudice as a result of the failure to raise the issue in the trial court." Rhoades v. Henry, 598 F.3d 495, 501 (9th Cir. 2010). None of these conditions apply. However, even if we were to examine this tardy argument, we conclude it lacks merit.

At the very beginning of the case, Trustee contacted Kohn and was informed that there was little likelihood of collecting on the Judgment. Thus, Kohn was aware that Davies had filed a bankruptcy case, and that Trustee had concluded that the bankruptcy estate held some interest in the Judgment. Despite being the putative owner of the Judgment, Kohn did not participate in the case. One reasonable inference from these events would be that Kohn considered whatever interest he might have in the Judgment to be worthless, and he therefore chose not to assert that interest in the bankruptcy case.

Second, and perhaps more important, whatever interests Kohn had in the Judgment had been extinguished by the time that the bankruptcy court entered its Set Aside/Reconsider Order, the order on appeal. As noted above, Davies' assignment to Kohn contained a reversion clause: "if [the] judgment has not been satisfied after 2 years, judgment will be reassigned back to [Davies]." It is apparently undisputed that Kohn had made no collections on the Judgment, and thus, by the terms of the assignment, whatever interest in the Judgment Kohn had been given under the assignment reverted back to Davies, and to his bankruptcy estate, on June 29, 2011.

That this date is coincidentally the same as the day the bankruptcy court entered the Set Aside/Reconsider Order at issue in this appeal is interesting, but not necessarily relevant. Even

-8-

before that, Davies had, at a minimum, a contingent, reversionary interest in the Judgment and, under § 541(a) and Ninth Circuit case law, Davies' contingent reversionary interest became property of the bankruptcy estate on the petition date. Nicholas v. Birdsell, 491 F.3d 987, 990 (9th Cir. 2007) ("By including all legal interests without exception, Congress indicated its intention to include all legally recognizable interests although they may be contingent and not subject to possession until some future time.").

We therefore conclude there is no merit in Davies' late argument that Trustee "erred in pursuing the sale of property not contained in the estate." Davies' interest in the Judgment was always part of the estate, and Kohn's interest in the Judgment was extinguished under the terms of the assignment by the time the bankruptcy court entered the Set Aside/Reconsider Order.[6]

II.

Turning to the merits, in the bankruptcy court, and on appeal, Davies has steadfastly contended that the bankruptcy court's Abandonment Order effectively abandoned the Judgment. From that premise, Davies argues that whatever is abandoned cannot be returned to the estate. There is, of course, support for the irrevocability of an abandonment:

> A number of cases recognize a general rule that abandonment is irrevocable, even if it is subsequently discovered that the abandoned property had greater value than previously believed. In re Lintz West Side Lumber, Inc., 655 F.2d 786, 789 (7th Cir. 1981) [other citations

---

[6] Davies has filed a Request for Judicial Notice of five documents relating to Kohn's actions and services. These documents were never presented to the bankruptcy court. See Kirschner v. Uniden Corp. of Am., 842 F.2d 1074, 1077-78 (9th Cir. 1988). The request is therefore DENIED.

omitted].

DeVore v. Marshack (In re DeVore), 223 B.R. 193, 197 (9th Cir. BAP 1998). The bankruptcy court agreed with Davies on this point, even citing In re Lintz W. Side Lumber, Inc. But the court repeatedly, and correctly, reminded Davies that this case did not present any question whether the Abandonment Order should be "revoked." Instead, the bankruptcy court construed its order, and concluded in the Set Aside/Reconsider Order that the Abandonment Order:

> only concerned and affected the real property identified as [the Indio, California property]. No other property, real or personal, was abandoned by the Abandonment Order. The [Judgment] identified in the Motion remains property of the bankruptcy estate.

Set Aside Order at 1. Because it concluded that the Abandonment Order only concerned Davies' real property in Indio, California,[7] it held the Judgment had never been abandoned. As a result, Davies' arguments are misplaced.

In reaching its conclusion, the bankruptcy court interpreted its own order.[8] The Ninth Circuit instructs that we should "give deference to [a] court's interpretation of its own order, based on the court's extensive oversight of the decree from the

---

[7] Concurrently with this appeal, the Panel examined a dispute between Davies and Deutsche Bank regarding this real property. See Davies v. Deutsche Bank Nat'l Trust Co., BAP no. CC-11-1221 (9th Cir. BAP 2011).

[8] The full text of the Abandonment Order reads as follows:

"On March 14, 2011, Brian William Davies (the "Debtor") filed his Motion to Compel Abandonment of Property by Trustee in this case.
"The Debtor having filed a declaration on April 1, 2011 stating that he has not received any opposition nor any objection to his Motion, and for good cause shown,
"IT IS HEREBY ORDERED that the Debtor's Motion to Compel Abandonment of Property by Trustee is GRANTED."

-10-

commencement of the litigation to the current appeal."  <u>Hallett v. Morgan</u>, 296 F.3d 732, 739-40 (9th Cir. 2002); <u>accord</u> <u>Zinchiak v. CIT Small Bus. Lending Corp. (In re Zinchiak)</u>, 406 F.3d 214, 224 (3rd Cir. 2005) (noting that the bankruptcy court is well suited to "provide the best interpretation of its own order."); <u>Graefenhain v. Pabst Brewing Co.</u>, 870 F.2d 1198, 1203 (7th Cir. 1989) ("Few persons are in a better position to understand the meaning of a [court order] than the judge who oversaw and approved it."); <u>Brown v. Neeb</u>, 644 F.2d 551, 558 n.12 (6th Cir. 1981).

Our deference to the construction by the bankruptcy court is not blind and, in this case, there is considerable support in the record for the bankruptcy court's conclusion that the Abandonment Order did not cover the Judgment.  For example, Davies' motion to compel abandonment described only the real property.  Immediately following that description, the motion represents that, "By this motion, the Debtor seeks the Court for an Order to compel abandonment of property by the Trustee on the grounds that the property is burdensome and is of inconsequential value to the estate."  And though § 554(b) authorizing abandonment upon request of a party targets property which is either burdensome <u>or</u> of inconsequential value, the only property of Davies that was both burdensome <u>and</u> of inconsequential value (as referenced in the motion) was the over-encumbered real property.  The Judgment, arguably, had inconsequential value at the time the abandonment motion was acted on by the bankruptcy court, but it is difficult to see how it could be described as burdensome.

Davies' argument supporting the abandonment motion notes:

Not all property of the bankruptcy estate will be of

-11-

> value to creditors. Often, the Debtor's property is so heavily encumbered, as in this case, that there is no equity and the expenses of maintaining the property are greater than can be realized from the sale or other disposition of the property.

In this passage, Davies is arguing to the bankruptcy court that the property to be abandoned has no equity and its maintenance is costing the bankruptcy estate more than it is worth. Fairly, that argument can only refer to the real property. Even if the Judgment had no equity, it also was maintenance-free.

Finally, as shown above, neither the motion for abandonment nor the Abandonment Order contains any reference to the Judgment.

The bankruptcy court, in construing its own order, is entitled to deference. The court based its construction on its parallel review of Davies' abandonment motion, that unquestionably referred to abandonment of property that was both burdensome on the estate and of inconsequential value. That description can only apply to the real property in this case. Neither the motion nor the order entered by the bankruptcy court specifically references the Judgment.

All things considered, the bankruptcy court did not abuse its discretion when it decided that the Abandonment Order did not cover the Judgment, and in denying Davies' Set Aside Motion for that reason.

## CONCLUSION

We AFFIRM the order of the bankruptcy court.

-12-