**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL SATTARI, | No. 10-17372 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-01484-LDG-RJJ |
| v. | |
| BRITISH AIRWAYS WORLD CARGO; FORWARD AIR, INC., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Lloyd D. George, District Judge, Presiding

Submitted February 21, 2012[**]

Before: FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

Michael Sattari appeals pro se from the district court's summary judgment in

his action alleging damage to personal property that was shipped from Tehran, Iran

to Las Vegas, Nevada. We have jurisdiction under 28 U.S.C. § 1291. We review

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

de novo, *Universal Health Servs., Inc. v. Thompson*, 363 F.3d 1013, 1019 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment because Sattari failed to raise a genuine dispute of material fact as to whether he provided timely written notice as required by the Warsaw Convention. *See Stud v. Trans Int'l Airlines,* 727 F.2d 880, 883 (9th Cir. 1984) (timely written notice of complaint is "a prerequisite to recovery for any damage to goods" under Article 26 of the Warsaw Convention).

Sattari's remaining contentions are unpersuasive.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, nor arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

We grant British Airways World Cargo's unopposed motion to strike new evidence submitted with Sattari's opening brief. *See Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988) ("Papers not filed with the district court or admitted into evidence by that court are not part of the clerk's record and cannot be part of the record on appeal.").

**AFFIRMED.**