**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DE'ARCEY JAMUL STEWART,

　　　　　　Plaintiff - Appellant,

　v.

M. S. EVANS; et al.,

　　　　　　Defendants - Appellees.

No. 10-17446

D.C. No. 3:09-cv-01527-JSW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted April 17, 2012[**]

Before:　　LEAVY, PAEZ, and BEA, Circuit Judges.

　　California state prisoner De'Arcey Jamul Stewart appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action for failure to

exhaust administrative remedies under the Prison Litigation Reform Act, 42 U.S.C.

---

　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

§ 1997e(a). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to exhaust, and for clear error its factual determinations. *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003). We affirm.

The district court properly dismissed the action without prejudice because Stewart failed to exhaust administrative remedies prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 93-95 (2006) (holding that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules).

The district court did not abuse its discretion in denying Stewart's motion to compel. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review and describing trial court's broad discretion to permit or deny discovery).

Stewart's remaining contentions are unpersuasive.

Stewart's request to supplement the record is denied. *See Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988) ("Papers not filed with the district court or admitted into evidence by that court are not part of the clerk's record and cannot be part of the record on appeal.").

**AFFIRMED.**