**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RICHARD VELOZ, an individual,

Plaintiff - Appellant,

v.

PACIFIC GAS & ELECTRIC
COMPANY,

Defendant - Appellee.

No. 14-16047

D.C. No. 3:12-cv-06309-WHA

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted June 13, 2016
San Francisco, California

Before: CLIFTON and IKUTA, Circuit Judges, and LAMBERTH,[**] Senior District
Judge.

After being fired from his position as a lineman at Pacific Gas & Electric

("PG&E"), Plaintiff-Appellant Richard Veloz, a self-identified Hispanic, initiated

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Royce C. Lamberth, Senior District Judge for the U.S.
District Court for the District of Columbia, sitting by designation.

this action alleging, among other things, racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000 *et seq.*, the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, and the Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12940 *et seq.*, as well as wrongful termination under California law. The district court dismissed Veloz's claims on summary judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

## I.

As a preliminary matter, we must first address PG&E's pending motions to strike excerpts of the record and those portions of Veloz's Opening and Reply Briefs that rely thereon. Specifically, PG&E moves to strike the documents located at ER 40, 54, 57, 66, 70, 71, 75, 96, and 100. The district court struck those documents located at ER 96 and 100 as improper attempts to enlarge the summary judgment record. Veloz has not challenged that ruling on appeal. Veloz included the remaining documents in his responses to PG&E's motion for fees and costs. Accordingly, there is no contention that any of these documents were before the district court when it ruled on PG&E's motion for summary judgment.

The record on appeal consists of those documents filed with the district court, the transcripts of proceedings, if any, and a certified copy of the docket

2

entries prepared by the district clerk. Fed. R. App. P. 10(a)(1)-(3). Thus, papers not filed with or admitted into evidence by the district court are not part of the record on appeal. *Kirshner v. Uniden Corp.*, 842 F.2d 1074, 1077 (9th Cir. 1988). Equally excluded from the record on appeal are documents submitted to the district court after it made the ruling challenged on appeal. *Id.*

Though under certain circumstances this Court may permit litigants to supplement the record before it, it is as axiomatic as it is elementary that parties may not do so unilaterally. *Lowry v. Barnhart*, 329 F.3d 1019, 1024–25 (9th Cir. 2003). And as Veloz has done here, an attempt to do so is a "particularly serious violation" of appellate procedure. *Id.* at 1025. Accordingly, we GRANT PG&E's motions to strike. We do not reach Veloz's proffered justifications for supplementation in light of his failure to follow basic appellate procedure. The documents located at ER 40, 54, 57, 66, 70, 71, 75, 96, and 100, as well as those portions of Veloz's Opening and Reply Briefs that rely thereon are hereby STRICKEN.

## II.

The court below applied the familiar *McDonnell Douglas v. Green*, 411 U.S. 792 (1974), burden-shifting framework to Veloz's racial discrimination claims. Under that test, Veloz was required to make a prima facie showing that (1) he

belonged to a protected class; (2) that he performed his job satisfactorily; (3) that

he suffered an adverse employment action; and (4) that PG&E treated him less

favorably than other similarly situated employees. *Cornwell v. Electra Cent. Credit

Union*, 439 F.3d 1018, 1028 (9th Cir. 2006).[1] Veloz failed to offer any evidence

demonstrating similarly situated employees were treated more favorably. Absent

direct evidence of racial animus–of which Veloz adduced none–that failure is fatal

to his racial discrimination claims; their dismissal on summary judgment was

therefore proper.

The district court's dismissal of Veloz's retaliation claims was likewise

proper. Because the district court found Veloz put forth a prima facie case of

retaliation and PG&E provided a legitimate, nondiscriminatory reason for its

adverse employment action, it was incumbent on Veloz to put forth either direct

evidence of retaliation or substantial and specific circumstantial evidence

demonstrating pretext. *Manatt v. Bank of Am.*, 339 F.3d 792, 801 (9th Cir. 2003).[2]

---

[1] We apply the same test to employment discrimination claims brought under the FEHA. *Earl v. Nielsen Media Research, Inc.*, 658 F.3d 1108, 1112 (9th Cir. 2011).

[2] We also apply the *McDonnell Douglas* burden-shifting framework to retaliation claims brought under Title VII and the FEHA. *See Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 894 (9th Cir. 2004); *Loggins v. Kaiser Permanente Int'l* (2007) 151 Cal. App. 4th 1102, 1108–09.

The only evidence Veloz presented on this point was the temporal proximity between his reporting his manager to PG&E's ethics hotline and later adverse employment actions by PG&E. Such evidence was insufficient to carry Veloz's burden, however, because it failed to show that any of the decision makers who took the adverse action potentially knew of his reports to the PG&E hotline at the time the adverse employment action took place. *See Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796–97 (9th Cir. 1982).

Lastly, it was proper for the district court to rule for PG&E on Veloz's wrongful termination claim because Veloz did not provide fair notice that his claim was rooted in the public policies expressed in the federal Family Medical Family Leave Act and the California Family Rights Act. Veloz never states in his complaint that he was wrongfully terminated for taking sick leave or in retaliation for his efforts to assert his statutory right to take sick leave. He alleges throughout his complaint that his termination was a result of racial discrimination, never once claiming he was terminated *because* he took sick leave or attempted to assert his legal rights to do so. Therefore, his claim did not comply with Federal Rule of Civil Procedure 8(a)(2) as it did not "give[] [PG&E] fair notice of the nature and basis or grounds of the claim and a general indication of the type of litigation involved." *Immigrant Assistance Project v. INS*, 306 F.3d 842, 865 (9th Cir. 2002)

5

(citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1215 (2d ed. 1990)).

**AFFIRMED**.