NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MELINDA GABRIELLA VALENZUELA, | No.    18-16347 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-04120-DLR |
| v. | |
| JULIA BARNETT, Medical Director/ Medical Doctor at Lewis Complex; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted September 18, 2019**

Before:    FARRIS, TASHIMA, and NGUYEN, Circuit Judges.

Melinda Gabriella Valenzuela, an Arizona state prisoner, appeals pro se

from the district court's summary judgment in her action brought under 42 U.S.C.

§ 1983 alleging deliberate indifference to her serious medical needs and retaliation.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Toguchi v.*

---

    \*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on Valenzuela's deliberate indifference claim because Valenzuela failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to her medical needs. *See id.* at 1057-60 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1122 ( 9th Cir. 2012) (deliberate indifference requires showing a "purposeful act or failure to respond to prisoner's pain or possible medical need and . . . harm caused by the indifference" (citation and internal quotation marks omitted)).

The district court properly granted summary judgment on Valenzuela's retaliation claim because Valenzuela failed to raise a genuine dispute of material fact as to whether defendants took any adverse action against Valenzuela. *See Rhodes v. Robinson*, 408 F.3d 567-68 (9th Cir. 2005) (setting forth elements of a retaliation claim in the prison context).

We do not consider documents that were not filed with the district court. *See Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988) ("Papers not filed with the district court or admitted into evidence by that court are

2

not part of the clerk's record and cannot be part of the record on appeal.").

All pending motions are denied.

**AFFIRMED.**