NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

DEC 13 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL WHITE,

Plaintiff-Appellant,

v.

THE SENIOR LEADERS SEVERANCE
PAY PLAN OF DANAHER
CORPORATION and DANAHER
CORPORATION,

Defendants-Appellees.

No.   18-55891

D.C. No.
2:17-cv-03476-ODW-JC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

Submitted December 10, 2019[**]
Pasadena, California

Before:  O'SCANNLAIN, PAEZ, and OWENS, Circuit Judges.

Michael White appeals the district court's order granting summary

judgment to The Senior Leaders Severance Pay Plan of Danaher Corporation and

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

its Affiliated Companies (the Plan) and Danaher Corporation (Danaher). White brought this action under the Employment Retirement Income Security Act (ERISA) for wrongful denial of severance benefits in violation of 29 U.S.C. § 1132(a)(1)(B). As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

1.      The district court correctly applied an abuse of discretion standard tempered by a low level of skepticism associated with Danaher's structural conflict of interest. Because the Plan unambiguously grants Danaher the discretion "to determine eligibility for benefits [and] to construe the terms of the plan," this court reviews Danaher's decision for abuse of discretion. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). However, the abuse of discretion standard is modified to account for Danaher's structural conflict of interest as the Plan's sponsor and administrator. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 959 (9th Cir. 2006) (en banc). The significance of the conflict of interest depends on the circumstances of the case. *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 108

---

[1]      Danaher and the Plan filed an unopposed motion to strike a letter included in White's further excerpts of record (FER). Because the letter is outside the district court record, the letter's inclusion in the FER violates Fed. R. App. P. 10(a) (providing that the record on appeal includes "original papers and exhibits filed in the district court"). Therefore, the court grants the motion to strike. *See Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988) ("Papers not filed with the district court or admitted into evidence by that court are not part of the clerk's record and cannot be part of the record on appeal.").

(2008).

White contends the involvement of Danaher's in-house counsel warrants reviewing Danaher's decision with greater skepticism but provides no evidentiary support for doing so. Contrary to White's contentions, there is also no evidence Danaher acted with malice or self-dealing. *See Abatie*, 458 F.3d at 968. Rather, the record shows Danaher adequately investigated White's claim and gave consistent reasons for denial. *See id.* Therefore, the district court properly reviewed Danaher's decision for abuse of discretion tempered by a low level of skepticism. *See id.* at 959.

2. The district court also properly concluded Danaher's decision to deny White's claim for severance benefits was reasonable and not an abuse of discretion. In applying an abuse of discretion standard, "the plan administrator's interpretation of the plan 'will not be disturbed if reasonable.'" *Conkright v. Frommert*, 559 U.S. 506, 521 (2010) (citation omitted). Danaher's decision to deny benefits was reasonable, as it is supported by the Plan and evidence in the administrative record. Danaher's reasons for terminating White fall within the Plan's definition of cause, and the Plan provides that employees terminated for cause are ineligible for benefits. White argues his evidence disproves the bases for his termination, but Danaher considered and reasonably rejected White's evidence in his administrative appeal. Furthermore, at all stages of Danaher's review,

3

Danaher thoroughly explained its reasoning and made reasonable factual findings. *Cf. Day v. AT & T Disability Income Plan*, 698 F.3d 1091, 1096 (9th Cir. 2012). Thus, there is no reason to disturb Danaher's decision. *See Conkright*, 559 U.S. at 521.

3. Finally, the district court did not abuse its discretion in concluding that White was not deprived of a full and fair review of his claim by not having reasonable access to certain documents. *See* 29 C.F.R. § 2560.503-1(h)(2)(iii), (m)(8). Danaher provided White with Bernasky's summary, various emails, the Plan, the Contingent Workforce Policy (CWP), Procedure 20, an information bulletin, and the two contracts that White oversaw. The "critical pieces" of information, as Danaher explains, were the CWP's terms, White's knowledge of those terms, and White's failure to comply for a nearly two-year period. In short, even without the missing documents, White was given sufficient information for a "meaningful dialogue" between himself and Danaher and was thus not deprived of a full and fair review of his claim. *See Salomaa v. Honda Long Term Disability Plan*, 642 F.3d 666, 680 (9th Cir. 2011).

**AFFIRMED.**