**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HENRY A. JONES,<br><br>                    Plaintiff-Appellant,<br><br>    v.<br><br>CHENGOCONG WU, Dr.,<br><br>                    Defendant-Appellee. | No. 19-55523<br><br>D.C. No. 2:15-cv-05884-DDP-SS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted March 3, 2020[**]

Before:    MURGUIA, CHRISTEN, and BADE, Circuit Judges.

California state prisoner Henry A. Jones appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference and retaliation claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

we affirm.

The district court properly granted summary judgment on Jones's deliberate indifference claim because Jones failed to raise a genuine dispute of material fact as to whether defendant was deliberately indifferent to his medical needs. *See id.* at 1057-60 (deliberate indifference is a "high legal standard" that requires a defendant is aware of and disregards an excessive risk to an inmate's health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference).

The district court properly granted summary judgment on Jones's retaliation claim because Jones failed to raise a genuine dispute of material fact as to whether defendant took any adverse action against Jones because of his protected conduct. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth elements of a retaliation claim in the prison context).

We do not consider Jones's argument in the opening brief that defendant failed to conduct and respond to discovery because it was not raised before the district court. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[A]n appellate court will not consider issues not properly raised before the district court.").

We do not consider documents that were not filed with the district court. *See Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988)

19-55523

("Papers not filed with the district court or admitted into evidence by that court are not part of the clerk's record and cannot be part of the record on appeal.").

All pending motions are denied.

**AFFIRMED.**

19-55523