NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 10 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHARLES KINNEY,

Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

Respondent-Appellee.

No. 22-70265

Tax Ct. No. 17664-19

MEMORANDUM*

Appeal from a Decision of the
United States Tax Court

Submitted December 10, 2024**

Before: BENNETT, BADE, and COLLINS, Circuit Judges.

Petitioner-Appellant Charles Kinney appeals pro se from the Tax Court's

order, following a bench trial, upholding the Commissioner of Internal Revenue's

determination of income tax deficiencies for tax year 2016. We have jurisdiction

under 26 U.S.C. § 7482(a)(1). We review the Tax Court's legal conclusions de

novo and its factual findings for clear error. *Cooper v. Comm'r*, 877 F.3d 1086,

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes that this case is suitable for decision without
oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

1090 (9th Cir. 2017). We review for "clear error the Tax Court's factual determination that a taxpayer has failed to produce sufficient evidence to substantiate a deduction." *Sparkman v. Comm'r*, 509 F.3d 1149, 1159 (9th Cir. 2007). We affirm.

1. This court is the proper venue for Kinney's appeal, and we reject Kinney's contention that this appeal should be transferred back to the Tenth Circuit.[1] Venue for an appeal of a Tax Court decision lies in the circuit in which the taxpayer's legal residence was located when he filed his Tax Court petition. *See* 26 U.S.C. § 7482(b)(1)(A). The Tax Court did not clearly err in making a factual finding that Kinney "resided in California when he timely filed his Petition." Kinney listed his address as a residence in Oakland, California when he filed his Tax Court petition in September 2019. The parties stipulated that "[o]n the petition filed in this case, the address used by [Kinney] and this Court is [the Oakland address]." The record contains Kinney's California driver's license, which lists the Oakland address and was valid through May 2020. In support of his claim of a New Mexico legal residence, Kinney points to his New Mexico identification card, which expired in May 2019, before he filed his September 2019 petition, and his testimony that he considers New Mexico to have been his

---

[1] Kinney appealed the Tax Court's decision to the Tenth Circuit, which granted the Commissioner's motion to transfer the case to this court.

domicile since 2011.[2] On appeal, Kinney references an August 2019 quitclaim deed for his Oakland address that was not presented to the Tax Court. We do not consider documents that were not filed with the Tax Court. *See Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988) (stating that papers not filed or admitted into evidence below are not part of the record on appeal); *see also* FED. R. APP. P. 10, 13(a)(4). On this record, the Tax Court did not clearly err in finding that Kinney resided in California at the time he filed his petition.[3]

2. The Tax Court did not clearly err in determining that Kinney failed to substantiate his $16,201 automobile mileage deduction. *See Sparkman*, 509 F.3d at 1159 (stating that the taxpayer bears the burden of showing the right to a claimed deduction and must keep sufficient records to substantiate deductions); *see also* 26 U.S.C. § 162(a) (allowing deduction of certain "ordinary and necessary" business expenses); *id.* § 274(d) (prescribing heightened substantiation requirements for claimed deductions for travel and vehicle expenses). Kinney did not provide a contemporaneous travel log or other evidence sufficient to satisfy the heightened substantiation requirement. *See* 26 U.S.C. § 274(d); Temp. Treas. Reg.

---

[2] We deny, as unnecessary, Kinney's motion to take judicial notice of relevant portions of the transcript of the Tax Court's proceedings in this case. (Dkt. No. 3.) The transcript pages attached to the motion are already part of the record on appeal and are contained in the Commissioner's supplemental excerpts of record.

[3] We therefore deny Kinney's motion to vacate and reverse the Tenth Circuit's order transferring his appeal to this circuit (Dkt. No. 4) and Kinney's motion to transfer this appeal to the Tenth Circuit (Dkt. No. 7).

3

§ 1.274-5T(c)(2)(i). Kinney also failed to show that his vehicles were excepted

from § 274(d) as vehicles used in the business of transporting property for hire, *see*

26 U.S.C. § 280F(d)(5)(B)(ii), because he did not provide evidence that he

regularly provided such a service. *See Comm'r v. Groetzinger*, 480 U.S. 23, 35

(1987) (stating that a "sporadic activity" does not qualify as a trade or business).

3. The Tax Court did not err in finding that Kinney cannot deduct his

litigation expenses of $12,522 because the "origin and character of the claim with

respect to which [the] expense[s] w[ere] incurred" was personal instead of a

deductible business activity.[4] *United States v. Gilmore*, 372 U.S. 39, 49 (1963)

(stating that the "origin and character" test is the "controlling basic test of whether

the expense was 'business' or 'personal' and hence whether it is deductible or

not"); *id.* at 48 (holding that the characterization of litigation costs depends on

whether "the claim arises in connection with the taxpayer's profit-seeking

activities"); *see also* 26 U.S.C. § 262(a) (stating that personal expenses are

generally nondeductible). Kinney incurred his claimed legal costs by litigating his

disbarment; litigating his vexatious litigant declaration; and litigating property

---

[4] In his opening brief before this court, Kinney does not challenge the Tax Court's determination that he did not properly substantiate and could not deduct his claimed expenses for insurance, telephone, utilities, garbage removal, software, and other miscellaneous items. We do not address these forfeited issues. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (stating that this court reviews only issues that are argued specifically and distinctly in the appellant's opening brief).

disputes with neighbors, which contributed to Kinney being declared a vexatious litigant and being disbarred. The Tax Court did not err in determining that "the origin of the claim underlying [Kinney's] disbarment, vexatious litigant declaration, and prior property disputes is personal."[5] The record supports the conclusion that Kinney is a vexatious litigant pursuing a personal vendetta instead of business-related activity. Kinney's litigation expenses are nondeductible personal expenses.

Kinney failed to substantiate his claimed net operating loss ("NOL") carryover deduction.[6] *See* 26 U.S.C. § 172(a); *see also id*. § 6001. Kinney's sole support for his NOL deduction consists of assertions in his testimony and a handwritten table that he claims to have compiled from tax returns beginning with tax year 2003.[7] Kinney did not provide sufficient evidence to substantiate his claimed NOL deduction.

---

[5] Kinney waived any challenge to the Tax Court's finding that his claimed whistleblowing expenses are personal and nondeductible, because he failed to raise the issue in his opening brief. *See Indep. Towers of Wash.*, 350 F.3d at 929.

[6] Kinney raised his entitlement to an NOL carryover deduction for the first time at trial and did not claim it on his original 2016 income tax return. Although the Tax Court did not detail its reasoning for rejecting this contention, it stated in its order that it had "carefully reviewed the record and listened to [Kinney's] testimony at trial and f[ou]nd that he is not entitled to deduct any expense in excess of what [the IRS] already allowed" and that any arguments not expressly addressed in the court's order were "moot, irrelevant, or without merit."

[7] We grant the Commissioner's motion to disregard the tax return pages attached to Kinney's reply brief (Dkt. No. 26) and the Commissioner's request to disregard the

**AFFIRMED.**

tax return pages attached to Kinney's opening brief, because those records were not before the Tax Court and are not part of the record on appeal. *See* FED. R. APP. P. 10, 13(a)(4). We deny Kinney's motions seeking judicial notice of materials not presented to the Tax Court. (Dkt. Nos. 29, 31, 32, 33, 37, 40, 41.)